PROYOSTY, J.
This suit is on a promissory note, and is accompanied by the sequestration of a lot.of logs. As the note was not *737 payable until July 15, 1917, and the suit was filed Tin June 4, 1917, a plea of prematurity was filed, and was sustained on the face of the papers. After evidence bad been taken on the question of whether the plaintiff had had ground for sequestration, the sequestration was dissolved. A reconventional demand in damages was dismissed, and from this dismissal defendant did not appeal. The learned .trial judge gave no reasons for judgment.
[1] The debt, although not yet payable, was due; it had been incurred for money advanced to enable defendant to deaden, cut, haul, float, and raft the logs, so that it was privileged on the logs. Not only defendant had it within his power to part with or dispose of the logs during the pendency of the suit, but he had actually sold them, and received a considerable part of the price, and the vendee had branded a considerable part of them with the vendee’s mark, which the evidence shows is considered to constitute delivery, and the vendee was bunching and floating some of the logs; so that the plaintiff clearly had the right to sequester, under paragraphs 7 and 8 of article 275 of the Code of Practice, which gives the right to sequester in all cases where the creditor has a privilege and fears that the debtor may part with or dispose of the movable upon which the privilege bears, and especially did plaintiff have that right under Act 190 of 1912, which provides that where the creditor has a privilege the •fact that it lies within the power of the debt- or to part with or dispose of the movable upon which the privilege rests, justifies a sequestration. The sequestration should therefore have been maintained.
No appearance has been made in this court by defendant; so that we are not informed of the reason for which the learned trial judge dissolved the sequestration. From the questions put to plaintiff’s agent on cross-examination we would infer that the contention of. defendant must have been that defendant did not have it in his power to part with or. dispose of the logs to the prejudice of plaintiff because in addition to the privilege plaintiff had a chattel mortgage on the logs, which not only fully protected plaintiff, but did actually cause plaintiff to feel entirely secure and entertain no fear.
Plaintiff’s agent, however, testified that from former experience he had no confidence in the party to whom defendant had sold the logs. Without going into the details of the matter, the evidence satisfies us that, while perhaps the defendant was not contemplating any fraud, but was, as he thought, acting on the contrary in the interest of all parties concerned, the sequestration was fully and clearly justified under the circumstances. For one thing, plaintiff never consented that a sale of the timber should be made, and especially that the timber should be delivered, before the note in question had been paid.
The act of chattel mortgage executed contemporaneously with the note stipulated that plaintiff might sell and deliver the logs to a cex-tain party named, but that before any delivery was made the note would have to be paid, whether mature or not. Subsequently the plaintiff agreed that the defexxdant might sell to some one else, but not to deliver until the note should have been paid.
[2] And this brings us to the question of maturity vel non of the debt. The defendant having sold the logs and actually delivered some of them, and received a part of the price of the sale, we think that under the agreement just mentioned the note had become payable, and that thex’efore the suit upon it was not premature.
It is therefore ordered, adjudged and decreed that the judgment appealed from be set aside, and that the plea of prematurity herein be ovex-ruled, and that the writ of seques *739 tration herein be sustained; and this cause is remanded for trial, the defendant to pay the costs of this appeal.