No. 3145

Second Circuit

---

HOWELL v. TITUS

---

(November 10, 1927. Opinion and Decree.)

---

(Syllabus by the Editor)

1. **Louisiana Digest—Pleading—Par. 67.**

Where two cases appealed from the justice of the peace court are consolidated for the purpose of trial de novo in the district court, a plea of lis pendens filed in the district court will be overruled.

2. **Louisiana Digest—Appeal—Par. 625.**

Where judgment of trial court on credibility of witnesses as to matters of fact is not manifestly erroneous, it

will be affirmed by the appellate court.

**3. Louisiana Digest—Sequestration—Par. 7, 8.**

Under Paragraph 8 of Article 275 of the Code of Practice and Act 190 of 1912 a writ of sequestration is properly maintained where defendant denied ownership of plaintiff and evidence showed defendant had sold part of crop and attempted to sell another part of crop which belonged to plaintiff.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Mary F. Howell against Andrew Titus.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Foster, Hall & Smith, of Shreveport, attorneys for plaintiff, appellee.

Herndon & Herndon, of Shreveport, attorneys for defendant, appellant.

WEBB, J. In this action the plaintiff, Mrs. Mary F. Howell, alleging that she had leased certain lands to defendant, Andrew Titus, under which plaintiff was to receive one-half of the crops raised on the premises, and that defendant had denied her ownership in one-half of the crops raised by him, and had attempted to sell same, and that plaintiff had reason to fear that defendant would conceal, part with or dispose of the crops during the pendency of the suit, prayed for and obtained a writ of sequestration under which the crops were seized, and plaintiff further prayed that after trial she have judgment recognizing her as the owner of one-half of the crops (cotton) and that the writ of sequestration be maintained, and that the property seized be sold and plaintiff be paid by preference and priority an undivided one-half of the proceeds of the sale.

The defendant moved to bond the property, which was granted on his giving bond in the sum of five hundred dollars, and the property seized was released to him on the execution of the bond as fixed by the court.

The defendant then filed a plea of lis pendens and asked that the suit be dismissed, which was overruled, and then defendant filed a motion to dissolve the writ of sequestration (on which it does not appear that any action was taken) and following, defendant filed an answer in which the allegations of plaintiff's petition were denied, and defendant alleged that his father had leased the property from plaintiff with the understanding that plaintiff was to receive one-fourth of the crop, and had delivered the premises to him under like conditions.

On trial, judgment was rendered in favor of plaintiff and against defendant, decreeing the plaintiff to be the owner of one-half of the cotton raised on the premises and maintaining the writ of sequestration, from which judgment defendant appeals.

OPINION

While it does not appear with certainty from the defendant's brief, whether or not the plea of lis pendens is urged as a cause for reversing the judgment, but, assuming that it is, the defendant further urges that the plaintiff failed to show that she had leased the property to defendant, Andrew Titus, or that the consideration of the lease on behalf of plaintiff was one-half of the crops to be raised, on the premises, and he also urges that

the writ of sequestration should have been dissolved.

Considering the record with relation to these grounds:

(1) The plea of lis pendens appears to have been based upon the claim that a suit had been filed by the plaintiff, Mrs. Mary F. Howell, against defendant, Andrew Titus, in the justice of the peace court in which the same issue was involved as in the suit filed in the district court and that in the justice of the peace court. judgment had been rendered recognizing the plaintiff as the owner of only one-fourth of the crops.

The record does not show whether or not the plea of lis pendens was tried and evidence introduced thereon or on admissions of counsel, but it does not appear to have been passed upon by the court until after the trial of the cause on the merits.

It appears from the record that an appeal was taken by Mrs. Mary F. Howell from the judgment rendered in the justice of the peace court and that the trial of the appeal from the justice of the peace court, which was to be de novo, was consolidated with the trial of the suit brought by Mrs. Howell in the district court.

The appeal taken from the judgment rendered in the justice of the peace court and the law being that the trial of the appeal should be de novo in the district court, necessarily the judgment to be rendered and enforced would be the judgment of the district court. (R. C. L., Abatement and Revival, Vol. 1, No. 3). And when the order for consolidating the appeal with the suit instituted in the district court was rendered, and trial had under such order, we think that the logical effect was the same as if two suits between the same

parties and involving the same issues are filed in the same court and the parties agree to the consolidation of such causes and that in such circumstances the plea of lis pendens could not lie as to one of the suits more than to the other, or if a plea of lis pendens had been filed in one of the suits that it would be waived by the causes being consolidated and trial had without objection being made, which seems to have been the case in the present instance.

We therefore find that the plea of lis pendens. was properly overruled.

(2) On the merits the question is solely whether or not the plaintiff leased to Andrew Titus and the terms of the lease and it involves purely a question of fact, the determination of which depended entirely upon whether the court believed the witnesses for plaintiff or those for defendant; and as the trial court had the opportunity to observe the witnesses while they were testifying and the question relates solely to their credibility, we think that the judgment could well be affirmed on the general rule that a judgment based purely upon a question of fact will not be disturbed when there is not manifest error.

However, aside from the question of the credibility of the witnesses, we find that the version of the plaintiff as to whom she leased the property, is supported by the greater number of witnesses who were not any more interested in the matter than were the witnesses of the defendant, and that the claim made by plaintiff for one-half of the crop rather than one-fourth is supported by the usual custom where the lessor furnishes the cropper with farming implements, seed or animals necessary in planting and cultivating the crop, which the evidence shows was the case in the present instance.

(3) As to the sequestration, plaintiff alleged that defendant denied her ownership of one-half interest in the crop and that he was attempting to sell the crops and that she feared that he would conceal, part with or dispose of the same during the pendency of the suit, and the defendant in his answer alleges that he denied her ownership, and the evidence on trial shows that he had disposed of a portion of the crop and that it was in his power to dispose of same, and we are of the opinion that under paragraph eight, Article 275, of the Code of Practice, and Act No. 190 of 1912, the writ of sequestration was properly maintained. (Gueydan vs. T. P. Ranch Co., 156 La. 399, 100 So. 541; Bomer-Ferguson Co. vs. Shapiro, 148 La. 736, 87 So. 729.)

The judgment appealed from is affirmed.