BOUTALL, Judge.
This is an appeal from a judgment recalling and annulling a writ of sequestration arising out of a lessor’s privilege.
Charles J. Menard leased to Nancy Pinson an apartment for a term ending June 30, 1977, with monthly rental payable in advance. The rent was current in January 1977. On January 19, Menard filed a petition for writ of sequestration against Pin-son alleging that on January 11, Pinson informed him that she intended to abandon the leased premises in January without paying the rent for the unexpired term, some 5 additional months. Sequestration was issued accordingly under C.C.P. Article 3572, and Pinson, after giving bond, filed a motion to dissolve sequestration. After hearing, the trial judge recalled and annulled the writ.
It is a prerequisite to the issuance of a writ of sequestration that proper grounds be alleged and sworn to. The writ may only properly issue when the nature of the claim and the grounds relied on clearly appear from specific facts shown by the petition or affidavit. Hancock Bank v. Alexander, 256 La. 643, 237 So.2d 669 (La.1970); Wright v. Hughes, 254 So.2d 293 (La.App. 4th Cir. 1971); C.C.P. Article 3501. Based upon the allegations of the petition herein, the trial judge properly issued the writ of sequestration.
However at the trial of the motion to dissolve, it is apparent that the trial judge did not find the facts alleged to be correct, and hence the lessor did not demonstrate good reason to believe that the lessee would remove the property subject to the privilege. C.C.P. Article 3572. Although the lessor testified that Pinson had told him she was to abandon the premises, Pinson testified that she did not intend to abandon the premises, but intended to shoulder her obligations and was in the process of negotiating for a resolution of the dispute between them. We note that Pinson had been a tenant of Menard for more than 5 years, and had always paid her rent promptly and had never caused any problems during this relationship. She testified that she intended to be married shortly and her future husband had acquired a matrimonial domicile to which they intended to move. She testified that she proposed that she would pay the rent for the forthcoming month of February and in addition offered the substantial damage deposit for release from the last five months of the lease. Through a series of unfortunate instances, *258 communications between the parties broke down, and negotiations were never completed. It is pertinent to note that Menard had authorized an attorney to grant Pinson several days in which to settle the matter, and that this suit was filed prior to the expiration of that deadline. Considering all of these facts, the trial judge decided that Menard had filed his petition prematurely and dismissed the sequestration.
We agree. It is apparent that the issue comes down to the matter of credibility of Menard and Pinson and that the trial judge chose the credibility of Pinson. The undisputed facts in the record, as well as the long relationship of landlord-tenant between these parties convince us that this credibility call was correct.
We affirm the dissolution of the writ of sequestration. See Wright v. Hughes, supra. Appellant is to pay all costs of these proceedings to date.
AFFIRMED.
LEMMON, Judge, concurs and assigns reasons.
When the writ of sequestration was issued, the lessee admittedly had been removing property subject to the lessor’s privilege from the premises, and the lessor had seen her doing so. Thus, the record amply demonstrates that the lessor had “good reason to believe that the lessee will remove the property subject to the lessor’s privilege” and was clearly entitled to a sequestration under C.C.P. art. 3572. However, the lessor failed to allege this specific fact in his petition.[1]
C.C.P. art. 3501 requires that the grounds relied upon for issuance of a writ of sequestration must “clearly appear from specific facts shown by the petition”. Here, the petition did not allege specific facts constituting the grounds for sequestration, but merely stated the conclusion drawn from the unalleged facts. At trial of the motion to dissolve, these facts were established by evidence presented without objection.
Thus, while the writ was improvidently issued based on the petition, the lessor was actually entitled to sequestration at the time. I would vote to maintain the sequestration under these circumstances, except for the Hancock Bank case, which required that proper grounds be alleged and sworn to, regardless of the existence of valid and sufficient grounds not alleged but later shown by evidence presented without objection.
I basically believe the Hancock Bank ease was decided incorrectly, because evidence admitted without objection implicitly amends the pleadings and cures the deficiency. The right to conservatory writs should be decided on the actual facts bearing on that right and not on preciseness of pleadings.
Nevertheless, evidence showing the lessor actually had proper grounds which he did not allege is also relevant to the issue of damages demanded in the motion to dissolve, because this evidence shows that the lessor was actually entitled to take the action that he did, and damages should be awarded only if a lessor obtains a sequestration when he is not entitled to take that action. See per curiam comment on application for rehearing in Wright v. Hughes, above. Thus, even if the sequestration in the present case was correctly dissolved under the Hancock Bank rationale, the lessee should not be entitled to damages in that pending phase of the litigation. The only penalty for the lessor’s obtaining the se *259 questration should be imposition of the costs of the suit, a penalty applicable because the rent was paid when it became due. C.C.P. art. 3572.

. The petition contained only the following allegations as to grounds for sequestration:
“HI.
“On January 11, 1977 defendant informed petitioner that she intended to abandon the leased premises in January, 1977 without paying the rent for the unexpired term of the lease amounting to One Thousand Fifty and no/100 ($1,050.00) Dollars.
“IV.
“Plaintiff has a lessor’s privilege on all of the movables in the leased premises to secure plaintiffs claim for rent. All of these movables are in the possession of the defendant; and it is within defendant’s power to, and plaintiff has good reason to believe that she will, conceal, dispose of, or remove these movables from the Parish during the pendency of the suit. * * ” (Emphasis supplied)