EDWARDS, Judge.
On March 4, 1981, Pelican Homestead filed a petition for a writ of sequestration on defendants’ mobile home. The petition alleged that the Wolcotts had executed a chattel mortgage on the mobile home to secure a promissory note which had become due and payable by defendants’ default in making installment payments. The petition further alleged that a writ of sequestration should issue because during pendency of the suit, it was within the power of defendants to conceal, dispose of, or waste the mobile home. The requested writ of sequestration was granted by the trial court.
Defendant, Grace Wolcott, filed an answer to plaintiff’s petition on March 10, 1981. In her answer, defendant prayed that the writ of sequestration be dissolved. A hearing on defendant’s request to dissolve the writ of sequestration was set for April 27, 1981. On that date, defendant filed an amended answer and supporting brief, seeking to have the writ of sequestration dissolved on the ground that plaintiff’s petition was defective because it did not comply with the requirements of LSA-C. C.P. Arts. 3501 and 3571.
*1248 The trial judge refused to dissolve the writ of sequestration on the basis of the pleadings. He ordered that the hearing on the request for dissolution be rescheduled to allow plaintiff the opportunity to present evidence to support the issuance of the writ of sequestration.
Defendant, Grace Wolcott, appealed from this order of the trial court. Pelican Homestead has filed a motion to dismiss Wolcott’s appeal.
In ordering an evidentiary hearing, the trial court relied on LSA-C.C.P. Art. 3506. That article provides that a defendant may obtain dissolution of a writ of sequestration unless the plaintiff proves the grounds upon which the writ was issued. Plaintiff was clearly entitled to an eviden-tiary hearing in order to allow it to meet its statutory burden of proof.
The trial court’s order setting a date for the evidentiary hearing is an interlocutory judgment. LSA-C.C.P. Art. 1841. As such, it is appealable only if it may cause irreparable injury. LSA-C.C.P. Art. 2083. Defendant has failed to make any showing of irreparable injury resulting from the trial court’s ruling. Therefore, this appeal should be dismissed.
In brief, counsel for Pelican Homestead has requested an award for damages and attorney fees for frivolous appeal. This claim is without merit. Plaintiff neither appealed nor filed an answer to defendant’s appeal. It is well-settled that an appellee who has neither appealed nor answered the appeal has no standing to demand changes for frivolous appeal. Morial v. Orleans Parish School Board, 332 So.2d 503 (La.App. 4th Cir. 1976), writ refused 337 So.2d 530; Young v. Warner, 283 So.2d 547 (La.App. 1st Cir. 1973).
For the foregoing reasons, the defendant’s appeal is dismissed at her cost.
APPEAL DISMISSED.