PRICE, Judge.
This is an appeal from a judgment dissolving a writ of sequestration with an award of damages and attorney fees. Defendant, James H. Rabb, appeals from the judgment seeking an increase in the amounts awarded as well as damages for mental anguish. Plaintiff, Credit Alliance Corporation, answered the appeal alleging that the trial court erred in dissolving the writ of sequestration and in awarding attorney fees and damages to the defendant. *124 We reverse the decision of the trial court for the following reasons.
In its petition, plaintiff alleged that James Rabb and various other defendants had defaulted in payment of a promissory note. Plaintiff sought a writ of sequestration to seize five tractor/dozers upon which plaintiff enjoyed a privilege and mortgage as security for the note. In the affidavit accompanying the petition, it was alleged by plaintiff that it was in the power of defendant to conceal, dispose of, or waste the aforesaid property, or the revenues therefrom, or remove the equipment from the Parish during the pendency of the suit. A writ of sequestration was issued on July 21, 1981, and the equipment was subsequently seized.
On November 23, 1981, defendant filed a motion to dissolve the writ of sequestration and sought damages and attorney fees.
The hearing on defendant’s motion was held on December 15,1981. The trial court dissolved the writ of sequestration holding that the allegations contained in the affidavit were insufficient.
The court found that the allegation of the supporting affidavit, merely tracking the language of La. C.C.P. Art. 3571, was a legal conclusion and would require specific factual allegations to support it. The trial court awarded moderate damages in the amount of $500 for loss of rental proceeds finding that defendant did not mitigate his damages by failing to move to dissolve the sequestration for a period of four months after the equipment was seized. Further, the court found defendant’s evidence on alleged losses of rental proceeds to be vague and general. The issues before this court on appeal are:
(1) Whether the trial court erred in dissolving the writ of sequestration;
(2) If not, whether the trial court erred in awarding inadequate damages and attorney fees and in failing to make an award for mental anguish, anxiety, inconvenience, and embarrassment suffered by defendant as a result of the seizure.
La. C.C.P. Art. 3571 provides the following grounds for sequestration:
(w)hen one claims the ownership or right to possession of property, or a mortgage, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action.
La. C.C.P. Art. 3501 provides that a writ of sequestration shall issue only:
... when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent ....
La. C.C.P. Art. 3506 provides in pertinent part that:
(t)he defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued....
In reaching its conclusion that the plaintiff’s pleadings lacked specific factual grounds to support issuance of a writ of sequestration, the trial court relied on Yorkwood Savings and Loan Association v. Thomas, 379 So.2d 798 (La. App. 4th Cir. 1980); Wright v. Hughes, 254 So.2d 293 (La. App. 4th Cir. 1971); and Menard v. Pinson, 360 So.2d 256 (La. App. 4th Cir. 1978). In affirming a judgment dissolving a writ of sequestration seizing a mobile home, the Fourth Circuit in Yorkwood held that the petition contained only a conclusory allegation of plaintiff’s grounds and failed to show specific facts constituting these grounds as required by La. C.C.P. Art. 3501.
However, the Third Circuit in Montagne v. Tinker, 197 So.2d 154 (La. App. 3d Cir. 1967), writ refused 250 La. 916, 199 So.2d 921, held that allegations of a lease, past due rental, and a lessor’s privilege over the lessee’s movable property on the leased premises were sufficient to support issuance of a writ of sequestration even though the *125 language of La. C.C.P. Art. 3571 was not expressly used. The court found that the facts that the items were movable, belonged to the lessee, and were located on the leased premises gave rise to the conclusion that it was within the power of the lessee to conceal, dispose of, or remove the property.
La. C.C.P. Art. 3571 does not require a showing that the defendant would conceal, dispose of, or remove the property, but rather that it is only within the power of defendant to do so during the pendency of the suit. Ford Motor Co. v. Breaux, 406 So.2d 313 (La. App. 3d Cir. 1981). Further, plaintiff should be entitled to an evidentia-ry hearing under La. C.C.P. Art. 3506 in order to meet its statutory burden of proof before defendant may obtain a dissolution of the writ of sequestration. Pelican Homestead & Sav. Ass’n v. Wolcott, 405 So.2d 1247 (La. App. 1st Cir. 1981).
In the instant case, the petition contained allegations of a promissory note, a default by defendant in payment of the note, and a mortgage and privilege over certain movable property owned by defendant, Rabb. These specific facts contained in the petition, affidavit, and supporting documents are sufficient to support the proper issuance of a writ of sequestration. No further allegations are necessary to comply with La. C.C.P. Art. 3501. Clearly, the very nature of movable property would afford a defendant an opportunity to conceal, dispose of, or waste the property, or the revenues therefrom, or remove the property from the parish during the pend-ency of the suit.
For these reasons, it is the opinion of this court that the trial court erred in dissolving the writ of sequestration on the grounds that the pleadings failed to comply with La. C.C.P. Art. 3501 without allowing plaintiff an opportunity to discharge its burden of proof under La. C.C.P. Art. 3506 at the hearing on defendant’s motion to dissolve the writ of sequestration. This court chooses not to follow Yorkwood Savings and Loan Association v. Thomas, supra, to the extent that decision is in variance with this opinion on the question of plaintiff’s compliance with La. C.C.P. Art. 3501.
Because we have found the writ of sequestration should not have been dissolved, the other issues presented on appeal need not be considered.
For these reasons, the judgment is reversed and the writ of sequestration originally ordered and subsequently dissolved by the trial court is ordered reinstated and the case remanded to the district court for further proceedings consistent with the views expressed herein and in accordance with law. Cost of this appeal is assessed to defendant, James H. Rabb.
Assessment of all other costs are to await final disposition hereof.