YELVERTON, Judge.
The primary issue presented by appellants, Samuel Kyle Gilley and Mona Reed Gilley, is whether the actions of a chattel mortgage debtor in liquidating the inventory and equipment of a grocery store covered by the mortgage, in violation of terms and conditions of the mortgage, justified a suit to accelerate the mortgage note and an order granting the provisional remedy of sequestration, even though the initial installment payment under the note was not yet due when the suit was filed. The second issue is whether, on the trial of a motion to dissolve the writ of sequestration, the trial judge correctly found that the plaintiff proved the grounds relied upon for the issuance of the writ. Finding that the writ of sequestration was properly issued, and that the final judgment was proper, we affirm.
The Gilleys purchased from plaintiff, Roman T. Savant, a small rural grocery store, along with its stock of merchandise, equipment and fixtures. They gave a promissory note for $14,500, payable in four equal principal installments, as partial payment of the purchase price. The first installment was due March 2, 1983. The note was secured by a chattel mortgage which itemized the equipment, goods, wares, inventory, fixtures, appliances, shelving, refrigeration equipment and merchandise of the store, known as “Village Grocery” located in Allen Parish. The note and the chattel mortgage were executed on September 2, 1982, and the Gilleys began operating the store immediately.
Early in 1983 it came to the mortgage creditor’s attention that certain shelving that had been sold with the store and that was listed in the property description in the mortgage, was missing, that inventory appeared to be declining in quantities larger than attributable to normal sales, and that the operating hours of the store had become irregular. These and other circumstances prompted Savant to file suit against the Gilleys on February 22, 1983, seeking a judgment on the entire debt evidenced by the promissory note. The verified petition also sought a writ of sequestration directing the seizure of the property secured by the chattel mortgage. The writ was issued the same day that the suit was filed and the inventory and equipment of the store was seized by the sheriff. Upon plaintiffs motion, the perishable items seized under the writ were ordered sold, and after notice to the defendants, the perishable items were sold at public auction for $700 on February 25, 1983.
Defendants moved to dissolve the writ and asked for damages suffered due to the alleged wrongful issuance of the writ. The motion to dissolve was referred to the merits and all matters were heard and judgment was rendered on August 15, 1983, awarding plaintiff judgment for $14,500, plus interest, subject to a credit of $700, recognizing the chattel mortgage, maintaining the writ of sequestration, and dismissing the motion to dissolve the writ and the defendants’ demand for damages. This is the judgment from which the appeal is taken.
The primary argument of appellants is the contention that the holder of a note secured by a chattel mortgage on movable property cannot seek foreclosure by writ of sequestration and sale prior to the maturity date of the installment due under the note. The appellants point out that the first installment due under the note was not until March 2, 1983, but that the suit was filed on February 25, 1983.
This argument by appellants overlooks the fact that it was not the violation of the obligation to make the installment payments that formed the basis for the suit in the first place. The acceleration provision of the promissory note applies to other conditions besides the non-payment of installments. The promissory note contained the following acceleration language:
“It is hereby agreed that ... if default be made in the performance of or compliance with the covenants and conditions of the mortgage securing this note, then, *69 in any or all such events, the entire amount of the principal of this note with all interest then accrued, shall, at the option of the holder or holders of this note, become and be due and collectible on the conditions expressly provided in said mortgage.... ”
The pertinent conditions and covenants of the chattel mortgage read as follows:
“[I]t is hereby further stipulated and agreed ... that if said Mortgagor without consent in writing of the holder, or holders, of said note, or notes, previously obtained sells or attempts to sell the mortgaged property, or remove, consent, or attempt to remove the same from the parish aforesaid ... the note or notes herein described shall at the option of the holder, or holders, of the same become immediately due and exigible in entirety without the putting of maker in default, and the holder, or holders of said note,'or notes, are hereby authorized to cause all and singular the property herein described and mortgaged to be immediately seized and sold under executory process issued by any Court of competent jurisdiction, without appraisement, to the highest bidder payable cash....”
There was a full trial of the circumstances that gave rise to the principal suit and the provisional demand. While some facts were disputed, the trial judge made findings of fact and credibility determinations which are supported by our review of the record. The store had begun to keep irregular hours, the inventory was being depleted, wooden shelving and inventory were being sold to other grocery businesses in other parishes. Some of the sales of shelving and inventory were admitted by Gilley. These acts were in violation of the covenants and conditions of the mortgage securing the note. Under the agreement between the parties the note had become payable, and the suit upon it was not premature. See Bomer-Ferguson Co. v. Shapiro, 148 La. 736, 87 So. 729 (1921).
The writ of sequestration was also properly issued and maintained. La.C.C.P. art. 3571 reads:
“When one claims the ownership or right to possession of property, or a mortgage, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the prop- . erty from the parish, during the penden-cy of the action.”
This article sets forth the grounds for the issuance of a writ of sequestration. La.C. C.P. art. 3501 lays out the requirements a petitioner must fulfill before the writ will be issued. Article 3501 reads:
“A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent.
The applicant shall furnish security as required by law for the payment of the damages the defendant may sustain when the writ is obtained wrongfully.”
Plaintiffs verified petition fulfilled the requirement of La.C.C.P. art. 3501. Plaintiff alleged the note, the mortgage and the removal of items and inventory described in the chattel mortgage. Further, plaintiff alleged in paragraph five of the petition his belief that the defendants would sell or conceal the assets covered. This is sufficient to have the property seized under La.C.C.P. art. 3571 and La.C.C.P. art 3501. Credit Alliance Corp. v. Rabb, 419 So.2d 123 (La.App. 2nd Cir.1982), writ denied, 422 So.2d 424 (La.1982); Montague v. Tinker, 197 So.2d 154 (La.App. 3rd Cir.1967), writ refused, 250 La. 916, 199 So.2d 921 (1967).
Defendants moved to dissolve the writ under La.C.C.P. art. 3506 which reads:
“The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dis *70 solved, the action shall then proceed as if no writ had been issued.
The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney’s fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits.”
After trial on the merits, the trial court determined that plaintiff was entitled to relief and dismissed defendants’ motion to dissolve the writ of sequestration and their demand for damages.
We find no error. The judgment is affirmed, appellants to pay costs of this appeal.
AFFIRMED.