JaSHORTESS, Judge.
On April 9, 1996, Justice of the Peace Marie Taylor (defendant) signed a judgment evicting Fernando and Marcelle D. Alemeida (plaintiffs) from a home owned by Blair M. and Diane M. Johnson. Within twenty-four hours plaintiffs appealed the eviction and filed a suspensive appeal bond signed by Marcelle D. Alemeida as surety. On April 16,1996, a deputy clerk of court returned the bond to plaintiffs’ counsel, advising him the bond was improper because it was signed by a party. A second appeal bond signed by a nonparty was filed May 9,1996.
One week later, the Johnsons filed a petition for past-due rent, and defendant issued a writ of sequestration. The following day, the Johnsons moved to dismiss plaintiffs’ appeal of the eviction based on failure to timely file a proper bond. On the same day, plaintiffs attempted to file a document entitled “Answer, Reconventional Demand & Order of Transfer.” In this document plaintiffs asked for ex parte dissolution of the writ of sequestration, damages “in excess of $2,500.00” for wrongful issuance of the writ of sequestration, attorney fees, and transfer of the suit to the district court.
Defendant allowed the answer, but not the reconventional demand, to be filed. She denied the ex parte dissolution of the writ of sequestration and refused to transfer the suit to district court. She testified she did so because the reconventional demand exceeded her jurisdiction and was not an “amended or supplemental pleading” requiring transfer under Code of Civil Procedure article 4911(C).
Plaintiffs then filed this suit in district court, seeking a writ of mandamus ordering defendant to dissolve the writ, accept the reconventional demand, and transfer the case to district court. The district court held a hearing at which defendant testified. The court then rendered a judgment finding the writ of sequestration was improperly issued, recalling and vacating the writ, and granting plaintiffs all other relief sought. The court also cast defendant with court costs. Defendant appeals.
This case is before us now on the narrow issues of whether the district court could order defendant, by writ of mandamus, to accept for filing an incidental demand in excess of the jurisdiction of the justice of the peace court and to transfer Uthe suit to the district court, and whether the district court could dissolve the writ of sequestration after a hearing on the petition for writ of mandamus.
A writ of mandamus is an extraordinary remedy whereby a public officer may be ordered to perfoim a ministerial duty required by law.[1] Mandamus will issue only when there is a clear and specific right to be enforced or a duty which ought to be performed. Mandamus will not lie to compel the performance of an act which contains any element of discretion, however slight.[2] Thus, in determining whether such a writ was properly issued, we must determine whether ministerial duties required by law are involved.
DISSOLUTION OF THE WRIT OF SEQUESTRATION
A writ of sequestration may be dissolved only after a contradictory hearing.[3] *1123 The plaintiff in a sequestration action is entitled to an evidentiary hearing in order to meet its statutory burden of proof before a writ of sequestration may be dissolved, and a trial court commits legal error if it dissolves such a writ ex parte.[4] Plaintiffs asked in. their petition that the district court order defendant to dissolve the writ of sequestration ex parte.
Defendant, as justice of the[1] peace, certainly had no ministerial duty to dissolve the writ of sequestration ex parte. To the contrary, her legal duty was to either do what she did and deny the ex parte motion or to set the matter for an evidentiary hearing. The district court could not have ordered defendant to dissolve the writ in that manner.
But the trial court went beyond what plaintiffs asked and ordered the writ vacated and recalled after the hearing on the writ of mandamus. The district court was not legally authorized to take such action. Thus, the portion of the judgment vacating and recalling the writ of sequestration must be reversed.
14RECONVENTIONAL DEMAND
Defendant testified she refused to accept plaintiffs’ reconventional demand for filing because it exceeded her subject matter jurisdiction. A justice of the peace court’s subject matter jurisdiction is limited to cases where the amount in dispute does not exceed $2,000.00.[5] The damages sought in the re-conventional demand were “in excess of $2,500.00.”
If the demand asserted in “an amended or supplemental pleading” exceeds its jurisdictional limit, the justice of the peace must transfer the case to district court.[6] Plaintiffs argue their reconventional demand was an amended or supplemental pleading and thus defendant had a ministerial duty to accept it for filing and transfer the suit to district court. We disagree. Reconventional demands are incidental actions, which are addressed in Title III,' Chapter 6, of the Code of Civil Procedure. Article 1031(B) specifically states that a' reconventional demand is an incidental demand. Amended and supplemental pleadings are addressed in Title III, Chapter'7. A reconventional demand is not an amended or supplemental pleading.
Plaintiffs also argue that because they were compelled by Code of Civil Procedure article 1061(B) to file their action as a recon-ventional demand or lose it, defendant was obligated to accept it and transfer the entire action to district court. The amendment to article 1061(B) making certain reconventional demands compulsory was effective January 1, 1991.[7] In the same act providing for compulsory reconventional demands, our legislature amended article 4845 of the Code of Civil Procedure. That article now requires parish and city courts to transfer a suit to a court of appropriate jurisdiction when a compulsory reconventional demand is filed that exceeds the court’s jurisdiction. No similar provision was made, however, for justice of the peace courts.
It is the province of the legislature, and not the district court or this court, to expand the jurisdiction of the justice of the peace courts. Plaintiffs’ reconventional demand exceeded the subject matter jurisdiction of defendant’s court. The ^legislature has not expanded the jurisdiction of justice of peace courts so they can accept compulsory recon-ventional demands in excess of their jurisdictional limits and then transfer them to the district court.- Defendant thus had no ministerial duty to accept plaintiffs’ reconventional demand and transfer the suit to district court. The district court judgment ordering defendant to do so must be reversed.
*1124 While defendant was not mandated to accept plaintiffs’ reconventional demand in excess of her court’s jurisdiction, she had the discretion to permit them to amend the re-conventional demand to an amount within her jurisdiction. In doing so, plaintiffs would simply have remitted any claim they had in excess of $2,000.00.[8] To our knowledge plaintiffs have not asked to do so, but in the interest of justice, we remand this case to the district court with instructions for it to order the case transferred to defendant’s court. There, plaintiffs may amend their reconven-tional demand, if they so desire, to bring it within the jurisdiction of the justice of the peace court.[9]
CONCLUSION
For the foregoing reasons, the judgment of the district court is reversed in its entirety, and the case is remanded to the district court with instructions that it be remanded to the justice of the peace court. Plaintiffs are cast with all costs.
REVERSED AND REMANDED.
LOTTINGER, C.J., concurs.

. La. C.C.P. art. 3863.

. Felix v. St. Paul Fire & Marine Ins. Co., 477 So.2d 676, 682 (La.1985); Huszar v. Tangipahoa Parish School Board, 95-2594, p. 3 (La.App. 1st Cir. 9/27/96), 681 So.2d 60, 61, writ denied, 96-2602 (La. 12/13/96), 692 So.2d 1064.

. La. C.C. P. art. 3506.

. See Credit Alliance Corp. v. Rabb, 419 So.2d 123, 125 (La.App. 2d Cir.), writ denied, 422 So.2d 424 (La.1982); Pelican Homestead & Sav. Ass'n v. Wolcott, 405 So.2d 1247, 1248 (La.App. 1st Cir.1981).

. La. C.C.P. art. 4911(A).

- La. C.C.F. art 4911(C)

. See Acts 1990, No. 521, § 2.

. See La. C.C.P. art. 5.

. See Kold, Inc. v. H & A Gas Purchasing, 609 So.2d 328 (La.App. 3d Cir.1992); Beard v. Circle K., Inc., 554 So.2d 825 (La.App. 1st Cir.1989).