197 So.2d 154 (1967)
John F. MONTAGNE et al., Plaintiffs and Appellants,
v.
N. A. TINKER, Jr., Defendant and Appellee.
No. 1955.
Court of Appeal of Louisiana, Third Circuit.
March 21, 1967.
Rehearing Denied April 20, 1967.
Writ Refused June 9, 1967.
*155 Kibbe, Edwards, Cooper & Sonnier, by Charles Sonnier, Abbeville, for plaintiff-appellant.
LeBlanc & Boudreau, by Albert Boudreau, Jr., Abbeville, for defendant-appellee.
Before TATE, FRUGE and CULPEPPER, JJ.
CULPEPPER, Judge.
This appeal concerns a motion to dissolve a writ of sequestration. The plaintiffs, John F. Montagne, et al., as lessors, filed suit against the defendant lessee, N. A. Tinker, Jr., for rentals due. They asserted a lessors' privilege and sequestered the lessee's movable effects on the premises. Defendant filed a motion to dissolve the writ of sequestration, alleging several deficiencies. The district judge dissolved the writ "for failure of petitioner to set forth grounds for issuance of same."; reserving to defendant the right to assert his demands for damages and attorney's fees in further proceedings herein. The plaintiffs appealed.
The issue on appeal is whether the trial judge erred in dissolving the writ of sequestration.
At the outset of the hearing on the motion to dissolve the writ of sequestration, it was stipulated by all counsel that the matter be submitted to the court for decision "on the record". We construe this as an agreement that in lieu of the introduction of evidence, the court could consider the facts as shown in the petition, the answer, the exhibits and the other documents contained in the record. It is apparent counsel felt there was no substantial issue of fact and that the case presented only questions of law.
Defendant's first contention is that plaintiffs' petition did not sufficiently allege the grounds relied upon for the issuance of the writ of sequestration. Pertinent here are the following articles of our Code of Civil Procedure:
"Art. 3501. Petition; affidavit; security
"A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent.
"The applicant shall furnish security as required by law for the payment of the damages the defendant may sustain when the writ is obtained wrongfully."
"Art. 3571. Grounds for sequestration
"When one claims the ownership or right to possession of property, or a mortgage, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action. (emphasis ours)
In the present case, the grounds for the issuance of the writ of sequestration is a lessor's privilege on the movables found on the leased premises, for the rent due.[1] Plaintiffs' petition alleges that they leased to defendant a residence in the city of Abbeville for a monthly rental of $150; and that $1400 in rentals was past due as of July, 1965. Article 4 of the petition then alleges "That plaintiffs have a lessors' privilege and right of pledge on the movable effects of the lessee which are on the leased premises." They pray that a writ of sequestration issue commanding the *156 sheriff to seize the furniture and other movable property contained in the leased premises situated at municipal number 500 East Lafayette Street in the city of Abbeville, Louisiana (except for the exemptions listed in LSA-C.C. 2705); and that plaintiffs' lessors' privilege be recognized on the property seized.
Defendant contends the petition is deficient in that it does not expressly allege "fear" that defendant would remove the property from the premises. This argument has no merit. Although prior law required the plaintiff to have "fear" that defendant would conceal, part with or dispose of the property[2] the new Code of Civil Procedure[3] requires only that it be "within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish." There is no longer any requirement that the plaintiff allege or prove "fear" or "good reason to fear" where the lessor is seeking past due rent.[4] Although, in the case of rent not yet due, the lessor must show "good reason to believe that the lessee will remove."[5]
We think the plaintiffs have sufficiently alleged the grounds relied upon for the issuance of the writ. They have alleged the lease; that $1400 in rent is due; and that they have a lessors' privilege "on the movable effects of the lessee which are on the leased premises." Although they have not expressly used the language of LSA-C.C.P. Article 3571 that "it is within the power of the defendant" to conceal, etc., they have alleged that they have a lessors' privilege on the "movable effects of the lessee which are on the leased premises." The facts that the items are movable, that they belong to the lessee and are located on the leased premises, give rise to the conclusion that "it is within the power of the defendant" to conceal, dispose of, etc. the property. To allege simply that "it is within the power of the defendant" would be only a conclusion of fact. Plaintiffs have alleged the specific facts on which such a conclusion is based.
The defendant next asserts the lack of a proper verification or affidavit to plaintiffs' petition, as required by LSA-C.C.P. Article 3501, quoted above. The basis of the attack is that although there are 8 petitioners, (the lessors in the lease) only one, John F. Montagne, signed the affidavit. There is also no verification by plaintiffs' attorney. Defendant contends that since there is no allegation or showing that John F. Montagne was authorized to sign the affidavit, as agent for the other 7 petitioners, it is insufficient. We think one answer to this argument is that defendant's answer admits John F. Montagne acted as agent for the other co-owners, both in the lease and in filing this suit. As stated above, this motion to dissolve was submitted to the court by stipulation of counsel "on the record". The agency relationship is a fact shown by the record. The affidavit by John F. Montagne as agent for the other petitioners if therefore sufficient. Defendant next contends that after he filed his contradictory motion to dissolve the writ of attachment the plaintiffs then had the burden of proving at the hearing the grounds upon which they relied for the issuance of the writ.[6] As stated above, at the hearing on the motion to dissolve the writ, counsel for all parties agreed to submit the matter to the court for decision "on the record". No evidence was introduced at the hearing. Apparently, defendant is now arguing that it was not his *157 intention to submit the matter to the court on the basis of the facts contained in the pleadings, exhibits and other documents composing the record. We cannot agree. We think that the purpose and intent of this stipulation was to allow the court to decide the issues on the basis of these facts. The district judge so construed the stipulation and we think this was its purpose, intent and effect.
Under this construction of the stipulation, the plaintiffs have proved the grounds on which they relied for the issuance of the writ. They have proved the lease; that rent is due; that movable furniture and furnishings belonging to the lessee were on the leased premises; and, therefore, necessarily, that it was in the power of the lessee to conceal or dispose of them.
Defendant's final argument is that certain items seized are exempt from seizure, to wit: a refrigerator, a washing machine and a piano. This raises a very serious issue of law. LSA-C.C. Article 2705, which is in Book III, Title IX, Chapter 2 of the Civil Code, dealing particularly with leases and the rights of lessors and lessees, does not exempt the items in question. However, LSA-R.S. 13:3881, which is in the chapter of our Revised Statutes dealing with "Seizures in General" provides in part:
"The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever: * * * (4) * * * wash tubs, and refrigerator (electric or otherwise) * * * the musical instruments played or practiced on by him or a member of his family;" (emphasis supplied)
The explanatory note under LSA-R.S. 13:3881, states that this statute, adopted in 1960, replaces Article 644 of the Code of Practice of 1870, which was repealed in 1960. Prior jurisprudence interpreted Article 644 of the Code of Practice, pertaining to seizures generally, as being inapplicable to the lessor's privilege, which is covered specially by Civil Code Article 2705.[7] However, the language of the new statute, LSA-R.S. 13:3881 exempts the items listed "from seizure under any writ, mandate, or process whatsoever." A respectable argument can be made that this very broad language shows a legislative intent that this statute supersedes Civil Code Article 2705.
However, this very serious legal question is not before us. The record shows that on their own motion plaintiffs released from seizure the piano, washing machine and electric refrigerator, before the hearing on the motion to dissolve the writ. The issue as to whether these items were wrongfully seized addresses itself solely to the question of damages. As stated above, the lower court did not pass on this issue. It reserved to defendant the right to seek such relief in further proceedings herein. The question on appeal is whether the writ of sequestration should be dissolved. The question of damages has not been decided by the district court and is not before us.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiffs, John F. Montagne, et al., and against the defendant, N. A. Tinker, Jr., denying defendant's motion to dissolve the writ of sequestration. There is reserved to defendant the right to assert any damages suffered by reason of the fact that the piano, washing machine and electric refrigerator might have been exempt but were wrongfully seized and later released. All costs, both in the lower court and on appeal, are assessed against the defendant appellee.
Reversed and rendered.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] LSA-C.C. Article 3218. "The right which the lessor has over the products of the estate, and on the movables which are found on the place leased, for his rent, is of a higher nature than mere privilege. The latter is only enforced on the price arising from the sale of movables to which it applies. It does not enable the creditor to take or keep the effects themselves specially. The lessor, on the contrary, may take the effects themselves and retain them until he is paid."
[2] La. Code of Practice, Articles 275(8) and 1124; La.Rev.Statutes 13:4001.
[3] LSA-C.C.P. Article 3571.
[4] Official Rev.Comments (a), LSA-C.C.P. Article 3571; Johnson, Attachment and Sequestration, 38 Tul.Law Review 1, at 15.
[5] LSA-C.C.P. 3572.
[6] LSA-C.C.P. Article 3506; Johnson, Attachment and Sequestration, 38 Tul.Law Review 1, at 26.
[7] Stuart v. Lacoume, 30 La.Ann. 157; Vento v. Antici, La.App., 159 So. 751.