356 So.2d 312 (1978)
GAZIL, INC., American Food Services Corporation, Joseph Gazil and Sadie Gazil, Appellants,
v.
SUPER FOOD SERVICES, INC., Appellee.
Nos. 51962 and 51970.
Supreme Court of Florida.
March 9, 1978.
Jeffry R. Jontz and James B. Barnes of Young, Turnbull & Linscott, Orlando, for appellants.
Ronald L. Sims, Orlando, for appellee.
ENGLAND, Justice.
By direct appeal from two final judgments entered in the Fifth and Ninth Judicial Circuits of Florida, we are asked to invalidate Florida's pre-judgment replevin statute on the ground that it fails to provide due process of law under the United States and Florida Constitutions. We hold that this statute is constitutional and affirm the judgments of the two trial courts.
Super Food Services, Inc. brought actions to obtain pre-judgment writs of replevin against Gazil, Inc. and others in order to recover certain inventory which had been secured by Gazil's debt to Super Food. The writs were issued in accordance with the procedures set forth in Section 78.068, Florida Statutes (Supp. 1976), and Gazil filed motions to dissolve them on the ground, among others, that the replevin statute is unconstitutional. Each trial court determined the question adversely to Gazil, and this appeal followed.
The due process requirements which surround a pre-judgment taking of property have been considered in great detail in recent years both by the United States Supreme Court and by this Court. It would serve no useful purpose to discuss these principles again here, in light of their ample *313 analysis in Ray Lein Construction, Inc. v. Wainwright,[1] involving Florida's former pre-judgment garnishment statute, Phillips v. Guin & Hunt, Inc.,[2] involving Florida's former distress for rent statute, and Unique Caterers, Inc. v. Rudy's Farm Co.,[3] involving Florida's former pre-judgment attachment statute. Each of these cases applied the guiding principles of federal due process which have been evolved in recent years by the United States Supreme Court, and which are set forth most explicitly in Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).
The statute at issue here, Section 78.068, Florida Statutes (Supp. 1976), meets the five part test for minimum due process requirements articulated in Mitchell, in that:
(1) the law requires plaintiffs to show facts indicating a right to the property sought to be replevied, and the allegations must be verified;
(2) an application for replevin without notice must be presented to a judge, as opposed to a ministerial court official;
(3) the facts alleged must show the necessity for replevin, which is sufficiently shown if the debtor is in possession of the property and the applicant establishes that there is a possibility of waste, concealment or transfer of the property, or that the debtor is in default on his payments;[4]
(4) the plaintiff must post a bond to protect the debtor from mistaken repossession; and
(5) the debtor must be entitled to an immediate hearing on the issue of possession.
Since the replevin statute complies with the Mitchell standards, it is constitutional.
In Ray Lein Construction, Phillips, and Unique Caterers we intimated that due process "requires" an immediate post-seizure hearing if there is no opportunity for a hearing before the taking. The Mitchell decision does not require such a hearing; it merely requires an opportunity for a hearing at the request of the injured party immediately after a seizure. To the extent that our previous decisions suggest that a seizure statute violates due process unless a post-seizure hearing is "required", we recede from that position and declare that due process only requires an opportunity for a prompt post-seizure hearing.
The orders of the Fifth and Ninth Judicial Circuit Courts are affirmed.
OVERTON, C.J., and BOYD and SUNDBERG, JJ., concur.
HATCHETT, J., dissents.
NOTES
[1] 346 So.2d 1029 (Fla. 1977).
[2] 344 So.2d 568 (Fla. 1977).
[3] 338 So.2d 1067 (Fla. 1976).
[4] Gazil argues that the legislation impermissibly allows a mere default in payments as a ground for replevin. See § 78.068(2), Fla. Stat. (Supp. 1976). We do not see in Mitchell or any subsequent Supreme Court decision a limitation on the state's right to identify the circumstances which are appropriate for replevin. See North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).