449 So.2d 1287 (1983)
LANDMARK FIRST NATIONAL BANK OF FORT LAUDERDALE, Appellant,
v.
BEACH BAIT AND TACKLE SHOP, INC., John J. Day and Henrietta Day a/K/a Hedy Day, Appellees.
No. 82-1728.
District Court of Appeal of Florida, Fourth District.
October 5, 1983.
Rehearing Denied June 6, 1984.
Brian F. Leary of English, McCaughan & O'Bryan, Fort Lauderdale, for appellant.
Alan H. Fein of Arky, Freed, Stearns, Watson & Greer, P.A., Miami, for appellees.
PER CURIAM.
Appellant Bank obtained a prejudgment writ of replevin based on a verified pleading in which it averred that appellee failed to make payment as agreed. Thereafter, at the defendant/appellee's request, the trial court conducted an evidentiary hearing and dissolved the writ even though the bank substantiated its allegation. We reverse.
Section 78.068, Florida Statutes (1981), was crafted by the Florida Legislature to conform with the principles enunciated in Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). The statute withstood a due process challenge in Gazil v. Super Food Services, Inc., 356 So.2d 312 (Fla. 1978). Section 78.068(2) indicates that a "prejudgment writ of replevin may issue if the court finds ... that the defendant has failed to make payment as agreed." Commenting on the adequacy of this ground, the Florida Supreme Court observed that "[w]e do not see in Mitchell or any subsequent Supreme Court decision a limitation on the state's right to identify the circumstances which are appropriate for replevin." Gazil v. Super Food Services, Inc., supra at 313 n. 4.
Section 78.068(6), Florida Statutes (1981), states that a defendant "may obtain the dissolution of a prejudgment writ of replevin unless the petition proves the grounds upon which the writ was issued." In the case at bar, the ground of nonpayment was alleged and proved. Thus, the trial court erred in dissolving the writ. Accordingly, the order is
REVERSED.
ANSTEAD, C.J., and HERSEY and HURLEY, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
The petition for rehearing of appellees is hereby denied.
HERSEY and HURLEY, JJ., concur.
ANSTEAD, C.J., dissents with opinion.
ANSTEAD, Chief Judge, dissenting:
I would grant the petition for rehearing, vacate our prior opinion and affirm the trial court's order granting the motion to dissolve the prejudgment writ of replevin.
Section 78.068 provides:

*1288 78.068 Prejudgment writ of replevin. 
(1) A prejudgment writ of replevin may be issued and the property seized delivered forthwith to the petitioners when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the verified petition or by separate affidavit of the petitioner.
(2) This prejudgment writ of replevin may issue if the court finds, pursuant to subsection (1), that the defendant is engaging in, or is about to engage in, conduct that may place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action or that the defendant has failed to make payment as agreed.
(3) The petitioner must post bond in the amount of twice the value of the goods subject to the writ or twice the balance remaining due and owing, whichever is lesser as determined by the court, as security for the payment of damages the defendant may sustain when the writ is obtained wrongfully.
(4) The defendant may obtain release of the property seized under a prejudgment writ of replevin by posting bond within 5 days after serving of the writ in the amount of one and one-fourth the amount due and owing on the agreement for the satisfaction of any judgment which may be rendered against him.
(5) A prejudgment writ of replevin shall issue only upon the signed order of a circuit court judge or a county court judge.
(6) The defendant, by contradictory motion filed with the court within 10 days after service of the writ, may obtain the dissolution of a prejudgment writ of replevin unless the petitioner proves the grounds upon which the writ was issued. The court shall set down such motion for an immediate hearing. This motion shall be in lieu of the provisions of subsection (4).
This section uses both "may" and "shall." See, e.g., §§ 78.068(1) and 78.068(5). Furthermore, throughout chapter 78 the drafters have used both "may" and "shall." See, e.g., §§ 78.03 and 78.19(2). Thus, it may be inferred that the drafters carefully chose "may" or "shall" depending upon whether the subsection was permissive or mandatory.
In Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), the United States Supreme Court upheld a Louisiana prejudgment replevin statute. The Louisiana statute appears to have provided the model for the Florida statute. In Mitchell the court noted that prejudgment replevin was used to prevent the debtor from destroying the disputed goods or from using the goods and fostering the goods' depreciation. The Florida statute provides that a writ of replevin may issue if the creditor shows that the debtor will destroy the goods or that the debtor has not made timely payments. § 78.068(2). If the statute were mandatory, any debtor in default would be subject to replevin of secured goods. Thus, the Legislature would have made the determination that the debtor's continued use of the goods would necessarily result in the depreciation of their value and that less depreciation would take place if the creditor were put in possession of the goods. It would seem that such a determination would better be done as a matter of discretion on a case-by-case basis. In this way, a trial court judge could weigh the relative depreciation of the goods from the debtor's continued use against the depreciation through storage by the creditor. Such a determination would depend entirely upon the nature of the goods involved. For example, an automobile placed in storage for a long period of time deteriorates faster than one in normal use. In addition, if the statute were mandatory, replevin of certain goods could seriously damage a debtor's business or, in some instances, perhaps even threaten his health. For example, replevin of a business's inventory and fixtures would prevent *1289 that business from producing income and irrevocably deny the debtor an opportunity to become current with his payments. Replevin of medical equipment necessary to the debtor's health might jeopardize his health. Thus, because the desirability of replevin in most instances may depend upon a number of factors, including the nature of the goods being replevied, I do not believe the Legislature designed this statute to compel replevin merely upon proof of failure to pay.