ZEHMER, Judge.
John Carter appeals a non-final order denying his motion to abate this action for improper venue in Escambia County. We have jurisdiction to review this non-final order pursuant to Rule 9.130(a)(3)(A), Fla. R.App.P. (1990), and reverse.
David Fleming commenced this action by filing a three-count complaint against Carter in Escambia County. The complaint was twice amended, with the second amended complaint ultimately alleging: in count one, that Fleming is the holder and owner of a promissory note that he was forced to purchase from First Trust Savings Bank, and that Carter, as guarantor on the note, is obligated to pay the amount guaranteed; in count two, that Carter, as guarantor of the First Trust note, is obligated to Fleming for his payment of the obligation owed to First Trust; and in count three, that Carter breached his fiduciary duty as receiver in a foreclosure action and, as a result, Fleming suffered damages for which Carter is liable. On consideration of Carter’s motion to abate the action for improper venue, the trial court found that Escambia County is not the proper venue for counts one and three, as those causes of action accrued in Duval County. However, the court found that venue would lie in Escambia County as to count two and denied the motion.
The parties agree that venue of this suit is proper in Escambia County under section 47.011, Florida Statutes (1989), only if the cause of action alleged in count two accrued there. The parties also agree that since the cause of action alleged in count two is based on an alleged failure to pay money due under a contract, such cause of action accrued in the county where the payment was to be made.[1] Crescent Beach, Inc. v. Jarvis, 435 So.2d 396 (Fla. 5th DCA 1983). Carter argues that the cause of action accrued in Duval County when he allegedly failed to repay the loan at the place of payment specified in the note. Fleming disagrees, stating that he is now the holder and owner of the note, that he has designated Escambia County as the place of payment, and that the cause of action accrued in Escambia County when appellant failed to reimburse him in that county.
In determining this issue, we need look only to the complaint itself and the promissory note annexed thereto. Count two alleges that the debt Carter owes to Fleming due to Fleming’s repayment of the loan to First Trust was “due and payable in Es-cambia County, Florida.” The promissory note states that the debt was to be paid to First Trust in Jacksonville (Duval County), “or such other place as the holder of this note may from time to time designate.” The complaint does not allege that, prior to Carter’s breach for nonpayment, First Trust, Fleming, or any other holder in due course ever redesignated Escambia County as the place of payment in lieu of the designation of Duval County in the note. The general allegation in the complaint that payment was due and payable in Es-cambia County does not negate the clear provision in the contract that payment was to be made in Duval County in the absence of an allegation of specific fact that a holder in due course of the note redesignated the place of payment to Escambia County in accordance with the terms of the contract prior to Carter’s default. See Striton Properties v. Jacksonville Beach, 533 So.2d 1174 (Fla. 1st DCA 1988); Health Application Systems, Inc. v. Hartford Life and Accident Insurance Company, 381 So.2d 294 (Fla. 1st DCA 1989); H. Trawick, Trawick’s Florida Practice and Procedure § 6-15 (1985 ed.). Because the promissory note designated Duval County as the place of payment and the complaint contains no allegation of fact that prior to Carter’s breach for nonpayment a holder in due course of the note designated another place of payment, the cause of action alleged in count two could only have accrued in Duval County. Thus, the trial court abused its discretion in ruling that proper venue for count two lies in Escambia Coun *537 ty. See Adams v. Knabb Turpentine Co., 435 So.2d 944 (Fla. 1st DCA 1983) (abuse of discretion is the standard of review applicable to a determination of venue).
The appealed order is reversed and the cause remanded with directions to treat the motion to abate the action for improper venue as a motion to transfer, Franklin v. Sherwood Park, Ltd. Inc., 380 So.2d 1323 (Fla. 3d DCA 1980); Ryder Leasing, Inc. v. Jorge, 168 So.2d 548 (Fla. 3d DCA 1964), and transfer the action in accordance with Rule 1.060, Fla.R.Civ.P. (1990), to Duval County.
REVERSED AND REMANDED.
SHIVERS, C.J., and JOANOS, J., concur.

. For the purpose of arguing this issue, appellant assumed the accrual of a cause of action.