573 So.2d 915 (1990)
Scott McMURRAIN, Appellant,
v.
Stewart FASON, D/B/a Pc Systems, Appellee.
No. 89-3369.
District Court of Appeal of Florida, First District.
December 19, 1990.
On Motion for Rehearing or Clarification February 6, 1991.
Claude R. Walker of Rand & Walker, Tallahassee, for appellant.
David K. Miller of Broad & Cassel, Tallahassee, for appellee.
ZEHMER, Judge.
Scott McMurrain and PC Systems of Tallahassee, Inc., appeal a non-final order denying their motion to dissolve a prejudgment writ of replevin. We have jurisdiction pursuant to Rule 9.130(a)(3)(C)(ii), Fla. R.App.P.
Stewart Fason, d/b/a PC Systems, commenced this action by filing an unverified complaint against McMurrain and PC Systems of Tallahassee, Inc., praying for a writ of replevin to recover possession of the inventory of a retail computer store that McMurrain was operating pursuant to an agreement between the parties. The complaint alleged that the terms and conditions of the agreement authorized Fason to terminate the agreement and take immediate *916 possession of all of the store's inventory if an on-site inspection revealed an attempt by McMurrain to conceal sales or profits of the store and the profitability of the store was less than $6,000 for the quarter ending September 30, 1989. Contending that both conditions had been breached by McMurrain, the complaint alleged that Kimberly Puffenbarger, an authorized agent of Fason, conducted an on-site inspection of the store's inventory and books on October 5, 1989, and found that McMurrain had "appropriated $2,000.00 from the PC System's bank account for the purpose of making a down payment on the purchase of a personal vehicle," that she determined the existence of an approximately $10,000 discrepancy between inventory sold and inventory on hand, that the net profit for the quarter ending September 30, 1989, was $3,008, and that inventory on hand at the store had a value of approximately $200,000.
The complaint incorporated by reference a copy of the written agreement between McMurrain and Fason. The agreement required Fason to provide financing and technical support for the store and obligated McMurrain to operate the store and split any net profits with Fason. The agreement also provided that McMurrain could terminate the agreement at any time by returning to Fason all monies owed and any computer equipment that had not been fully paid for, and that Fason could terminate the agreement if total net profits during any quarter were less than $6,000, or if an onsite inspection revealed any attempt to conceal sales or profits. The agreement provided that where such inspection revealed an attempt to conceal sales or profits, Fason could take possession of all inventory.
Fason's affidavit filed with the complaint averred:
1) I am the sole proprietor of PC Systems.
2) I delegated (sic) my employee, Kimberly F. Puffenbarger, to travel to Tallahassee, Florida to perform a site inspection and audit on the operations of the PC Systems Tallahassee store.
3) Attached hereto, and incorporated by reference herein, are true and correct copies of:
a) the management agreement between myself and Scott McMurrain; (Exhibit A)
b) a statement of operations for all PC systems stores; (Exhibit D) and,
c) all outstanding invoices for merchandise shipped from my warehouse to the PC Systems Tallahassee store. (Composite Exhibit E).
4) At no time did I authorize Scott McMurrain to use PC Systems funds to make a down payment on a personal vehicle.
Kimberly Puffenbarger's affidavit was also filed in support of the complaint and averred in pertinent part:[1]
3. In my capacity as an employee of PC Systems, I was directed to travel to Tallahassee, Florida for the purpose of conducting an audit of the books and operations of PC System's, Tallahassee store. I conducted that audit on Wednesday, October 4, 1989.
4. During the course of conducting the financial audit of the store's operation, I learned that Scott McMurrain, the store manager, had utilized funds in the amount of $2,000.00, drawn on the PC System's account at Barnett Bank, for the purpose of making a down payment on the purchase of his personal vehicle.
5. I instructed Mr. McMurrain that such a purchase was not authorized, and advised him that an immediate repayment of the $2,000.00 should be made. To this day, no repayment has been made.
* * * * * *
8. On further examination of the store's financial records, I determined that there *917 was a discrepancy of approximately $10,000.00 between inventory sold and inventory on hand. Mr. McMurrain was unable to provide me with documentation to explain this discrepancy.
Along with the complaint and attached exhibits, Fason filed a motion for issuance of a prejudgment writ of replevin. The motion alleged that the replevin action was based upon the agreement between Fason and McMurrain, that the affidavit filed with the complaint [presumably the Puffenbarger affidavit] established that McMurrain breached the agreement by making unauthorized deductions from the business bank account and concealed sales or profits, and,
Therefore, pursuant to Section 78.068(2) "the Defendant is engaging in, or is about to engage in, conduct that may place the claimed property in danger of distruction [sic], concealment, waste, removal from the State, removal from the jurisdiction of the Court, or transfer to an innicent [sic] purchaser during the penancy [sic] of the action" and "the Defendant has failed to make payment as agreed."
Finally, the motion stated that Fason had posted a $450,000 bond and requested the court to issue a prejudgment writ of replevin.
On October 12, 1989, the same day Fason filed the complaint and motion, the trial court heard Fason's motion at a non-evidentiary, ex parte hearing. Upon reviewing the complaint, affidavits, and exhibits, the court found that Fason had established a right to immediate possession of the inventory and entered an order directing the clerk to issue and the sheriff to serve the requested prejudgment writ of replevin upon McMurrain.
The writ was executed the following day. McMurrain immediately filed a motion to dissolve the prejudgment writ of replevin and served it by hand delivery upon Fason. The motion alleged that Fason had failed to allege or show that McMurrain was engaging in, or about to engage in, conduct that might place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the court's jurisdiction, or transfer to an innocent purchaser during the pendency of the action. McMurrain's motion further alleged that he was not moving from the state, he was not engaging in conduct that placed the property in danger of destruction, concealment, or waste, he was operating the store in accordance with the agreement, and that no goods were being concealed. On October 20, 1989, McMurrain obtained an emergency hearing on this motion, apparently after providing Fason only "ten minutes" notice. Neither Fason nor his attorney attended the hearing and no testimony or evidence was presented by or on behalf of either party. Upon reviewing the court file, which was unchanged from the initial hearing, the court denied McMurrain's motion to dissolve the prejudgment writ of replevin.
As a preliminary issue, McMurrain argues that the trial court erred in issuing the writ because Fason did not comply with section 78.068(1), Florida Statutes (1987), by filing a verified petition or separate affidavit that demonstrated the nature of the claim and the grounds relied on for issuance of the writ. Section 78.068(2) provides that a prejudgment writ of replevin may issue only if the court finds, pursuant to subsection (1):
that the defendant is engaging in, or is about to engage in, conduct that may place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action or that the defendant has failed to make payment as agreed.
We agree with McMurrain that the record before the trial court was insufficient to support issuance of the prejudgment writ at the time that the court issued such writ. The complaint itself was not verified, and under section 78.068(1) the allegations contained therein could not serve as a basis for issuance of the writ. Furthermore, even if the complaint had been verified, the two key allegations contained in the complaint that might have supported issuance of the writ were called *918 into doubt by the language of the agreement annexed thereto. The complaint alleges that under the terms and conditions of the agreement Fason was entitled to immediate possession of the store's inventory because the profitability of the store was less than $6,000 for the quarter ending September 30, 1989. The agreement, while it contains a termination option allowing Fason to terminate the agreement if the total net profits during any quarter are less than $6,000, does not contain any provision authorizing Fason to take possession, immediately or otherwise, of the inventory upon disclosure of such occurrence. The other "key" allegation of the complaint is that under the terms and conditions of the agreement Fason was entitled to take immediate possession of the inventory if an on-site inspection revealed any attempt to conceal sales or profits. The agreement, however, while providing that Fason may take possession of the inventory upon such an occurrence, does not make provision for taking immediate possession and effectively shutting the business down. Since the conflicting language of the agreement incorporated in the complaint controls over conflicting allegations of the complaint, see Carter v. Fleming, 567 So.2d 535 (Fla. 1st DCA 1990); Striton Properties v. Jacksonville Beach, 533 So.2d 1174 (Fla. 1st DCA 1988), rev. denied, 544 So.2d 201 (Fla. 1989); Health Application Systems, Inc. v. Hartford Life and Accident Insurance Co., 381 So.2d 294 (Fla. 1st DCA 1980); H. Trawick, Trawick's Florida Practice and Procedure § 6-15 (1985), it cannot be said that grounds for issuance of the writ clearly appeared from specific facts alleged in the complaint as required by section 78.068(1).
As an alternative to filing a verified petition meeting the requirements of section 78.068, Fason could support the complaint for the prejudgment writ by filing separate affidavits meeting such requirements. The record shows that Fason filed two affidavits, his own and Kimberly Puffenbarger's, but in neither of these affidavits did the affiant attest to facts legally sufficient to support the writ. The facts in Fason's affidavit are irrelevant and thus fail to prove the required showing that McMurrain was engaging in, or about to engage in, conduct that might place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action, or that McMurrain had failed to make payment as agreed. Several of the averments in Puffenbarger's affidavit are likewise irrelevant,[2] and the remaining statements, that McMurrain had, without authorization, utilized company funds to make a down payment on a personal vehicle, and that the store's financial records showed an approximate $10,000 discrepancy between inventory sold and inventory on hand, are not legally sufficient to support the finding required by section 78.068(2); it does not clearly appear from those facts that the inventory was in immediate danger of destruction, concealment, waste, removal from the state or the jurisdiction of the court, or transfer to an innocent purchaser.
Despite these apparent infirmities in the complaint and supporting affidavits, because this case comes to us for review of an order denying a motion to dissolve the prejudgment writ of replevin, it is not necessary to decide whether the trial court erred in its initial issuance of the writ.[3] We limit our review to determining whether the record before the court at the time *919 that the motion to dissolve came on for hearing required the trial court to grant it.
Section 78.068(6) provides, in pertinent part:
The defendant, by contradictory motion filed with the court within 10 days after service of the writ, may obtain the dissolution of a prejudgment writ of replevin unless the petitioner proves the grounds upon which the writ was issued. The court shall set down such motion for an immediate hearing.
This section of the statute clearly requires an evidentiary hearing and places the burden on the petitioner to prove the grounds upon which the writ was issued by competent and substantial evidence. Lacking such proof, the court is required to dissolve the writ. Accordingly, once McMurrain filed and served his motion to dissolve the writ, Fason was placed on notice that he would be required to prove the grounds upon which the writ was issued at an immediate hearing.[4]
The record shows that Fason failed to come forward with any such proof. The order denying the motion to dissolve specifically recites that "no additional evidence or testimony was heard or admitted into the record." Thus, the record remained unchanged from the time the court initially issued the prejudgment writ ex parte, and the infirmities in the proof existing at that time continued to exist when the motion to dissolve came on for hearing.
We expressly decline to accept Fason's argument that he received insufficient notice of the hearing on the motion to dissolve and did not have time to appear before the court and present evidence in support of the issuance of the writ. The record contains no evidence that Fason requested a continuance of that hearing to give him an opportunity to present the necessary proof. Although Fason alleges that he received only 10 minutes' notice of the hearing, the record shows that the motion to dissolve was filed with the court and furnished by hand delivery to Fason's counsel seven days prior to the hearing. Upon receipt of that motion, Fason was on notice that he would be required at an "immediate" forthcoming hearing to prove the grounds upon which the writ was issued. Fason failed to sustain his burden of proof at such hearing. This deficiency required the trial court to dissolve the prejudgment writ of replevin.
It is important to understand that even if Fason had filed a verified complaint or separate affidavit meeting the requirements of section 78.068(1) and (2), he nevertheless would have been required by subsection (6) to prove the grounds upon which the writ was issued at the hearing on the motion to dissolve. While we have not *920 been referred to a case specifically holding that the defendant is entitled to an immediate evidentiary hearing on his motion to dissolve, we construe section 78.068(6) to require such a hearing. To do otherwise would render the provision of that section requiring the petitioner to prove the grounds upon which the writ was issued meaningless.[5] The affidavits of Fason and Puffenbarger were filed but the affiants did not appear to testify that they made the affidavits and submit to cross-examination by McMurrain's counsel. Without this opportunity to cross-examine, the affidavits with the complaint did not constitute "proof" in the required sense and therefore were insufficient to satisfy the burden placed upon Fason by the statute. See 1 Fla.Jur.2d Acknowledgments § 37 (1977); 3 Am.Jur.2d Affidavits § 30 (1986) (as a general rule, an affidavit is not admissible as independent evidence to establish facts material to the issues being tried since the adverse party has the right, if possible, to be confronted by the witness against him and is entitled to the general protection of the hearsay rule; an affidavit is not admissible as prima facie evidence of the facts it contains because admission for such a purpose would improperly cast upon the adverse party the burden of going forward with the proof).
Having construed section 78.068(6) as requiring a full evidentiary hearing on McMurrain's motion to dissolve, we reject Fason's argument that "[w]hen the Florida Legislature enacted the replevin statute, the predecessor Louisiana [sequestration] statute had already been construed to allow the trial court, where a defendant moves to dissolve the writ but presents no evidence, to consider the evidentiary record previously presented to obtain the writ, and to deny dissolution of the writ based on that record. See Montagne v. Tinker, 197 So.2d 154 (La. Ct. App. 1967), writ refused, 250 La. 916, 199 So.2d 921 (1967)." (Answer Brief, p. 13). This characterization of the decision in Montagne omits the essential facts that the parties therein stipulated prior to the hearing that the matter would be submitted to the court for decision "on the record," and that the court specifically construed this stipulation as an "agreement that in lieu of the introduction of evidence, the court could consider the facts as shown in the petition, the answer, the exhibits and the other documents contained in the record." 197 So.2d at 155. In the case now before us, there is no basis to conclude that McMurrain waived the evidentiary hearing to which he was entitled by stipulating that the court could rule on the motion to dissolve by relying on the documents already contained in the record.
The appealed order is REVERSED, and this cause is REMANDED with directions to dissolve the prejudgment writ.
SHIVERS, C.J., and JOANOS, J., concur.

ON MOTION FOR REHEARING OR CLARIFICATION
ZEHMER, Judge.
In his motion for rehearing or clarification Fason contends that we incorrectly *921 recited in the opinion that an emergency hearing on McMurrain's motion to dissolve the prejudgment writ of replevin was held on October 20, 1989, and that Fason's attorney did not attend the hearing, and that our decision was thus erroneously predicated on the mistaken belief that Fason had seven days' advance notice of this hearing; when in fact, the hearing was held on October 13, 1989, after he had received, at most, one hour and fifteen minutes' notice. According to Fason, McMurrain's scheduling this motion for an immediate hearing afforded him no practical opportunity to present evidence proving the grounds upon which the writ was issued.
In his reply to the motion for rehearing or clarification, McMurrain agrees that the hearing on his motion to dissolve was held on October 13, 1989, and that Fason's counsel was present. He argues, however, that the date of the hearing was not material to our decision, and the fact that Fason was represented by counsel at the hearing provides Fason with even less excuse for failing to present evidence to establish his right to the writ.
We agree with Fason's comment in his motion for rehearing that the record on appeal "lacks clarity," especially with regard to this hearing. Attempting to clarify what actually occurred, the clerk of this court obtained a certified copy of the circuit court docket sheet. Our conclusion that the motion to dissolve was heard on October 20, 1989, was based on the recitation in the order on the motion to dissolve that it was dated "11-9-89 nunc pro tunc 10-20-89," as substantiated by entries on the docket sheet showing a notice of hearing for October 20, 1989. The docket sheet contains no entries reflecting any action by the court on October 13, 1989. Both parties now advise us that no hearing was held on October 20, 1989, and that the trial court's notation referring to that date "has no meaning."
Accepting the parties' stipulation that the motion to dissolve was heard on October 13, 1989, we hereby correct our original opinion to reflect this date. We also accept the parties' agreed statements that Fason received at the most one hour and fifteen minutes' notice of the hearing and was represented by counsel at that hearing.
These corrected facts do not affect our decision and the basic rationale of our original opinion, however. Section 78.068(6) expressly provides that a defendant may obtain dissolution of the prejudgment writ of replevin within 10 days after service of the writ and requires the court to set such a motion for immediate hearing. Thus, Fason was on notice that he would have to be prepared to prove the grounds upon which the writ was issued at any time within 10 days after service of the writ. In accordance with the statute, McMurrain moved to dissolve the prejudgment writ shortly after it was served and enforced, and the court afforded him an immediate hearing. Fason was represented at that hearing and it does not appear that his attorney requested additional time to produce witnesses or other evidence. When Fason failed to present any evidence in support of the issuance of the writ, the trial court was required to dissolve the writ.
We adhere to our original decision and opinion as hereby clarified, and deny the motion for rehearing and clarification in all other respects.
SHIVERS, C.J., and JOANOS, J., concur.
NOTES
[1] Paragraph 6 of the affidavit, which states that McMurrain failed to follow Ms. Puffenbarger's instruction that he terminate a store employee, and paragraph 7 of the affidavit, which states that McMurrain did not have authorization to hire an attorney to create a corporation called "PC Systems, Inc. of Tallahassee," are totally irrelevant to any lawful grounds for issuance of a prejudgment writ of replevin. See § 78.068(2), Fla. Stat. (1987).
[2] See note 1.
[3] See Zuckerman v. Professional Writers of Florida, Inc., 398 So.2d 870, 873 (Fla. 4th DCA), rev. denied, 411 So.2d 385 (Fla. 1981), in which the fourth district stated that where a court reviews an order denying a motion to dissolve a prejudgment writ of replevin, it must base its determination of the correctness of that order on the record before such court at the time the motion to dissolve came for hearing, not on the record before the trial court at the time it issued the writ. As authority for this principle, the fourth district cited City Gas Company of Florida v. Ro-Mont South Green Condominium "R," Inc., 350 So.2d 790 (Fla.3d DCA 1977), a case in which a temporary injunction was entered requiring the defendant to deposit money in the court registry to be turned over to the plaintiff gas company for gas services. The third district held that review of an order denying a motion to dissolve a temporary injunction must not be based on the record before the trial court at the time it entered the temporary injunction, but must be based on the record before the trial court at the time the motion to dissolve came on for hearing. Similarly, in State v. Beeler, 530 So.2d 932, 934 (Fla. 1988), a case wherein a temporary injunction was entered allowing the seizure of property, the supreme court held that after a trial court issues a temporary injunction, a defendant may question lack of prior notice by immediately appealing the injunctive order, or by filing a motion to dissolve with the trial court; if the defendant pursues the latter option, notice becomes irrelevant because the defendant is present at the hearing on the motion to dissolve and the burden is on the plaintiff to show that the complaint and supporting affidavits are sufficient to support the injunction.
[4] The reason for the "immediate hearing" required in subsection (6) lies in the necessity of providing the replevin defendant with minimum due process. In Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), the Supreme Court analyzed the Louisiana sequestration statute, purported to be the model for Florida's replevin statute, Landmark First Nat'l Bank v. Beach Bait and Tackle Shop, Inc., 449 So.2d 1287 (Fla. 4th DCA 1983) (Anstead, C.J. dissenting), rev. denied, 459 So.2d 1039 (Fla. 1984), and held the statute constitutional because it provided the required due process safeguards. The Court in Mitchell made it clear that the provision of the Louisiana statute allowing the defendant/debtor to immediately have a "full hearing" on the matter of possession following execution of the writ was essential to its holding that the statute comported with due process. 416 U.S. at 610, 94 S.Ct. at 1901. In Gazil, Inc. v. Super Food Services, Inc., 356 So.2d 312 (Fla. 1978), the Florida Supreme Court similarly held Florida's replevin statute constitutional on the ground that it meets the minimum due process requirements articulated in Mitchell, emphasizing that one of those requirements is the debtor's entitlement to an immediate hearing on the issue of possession. 356 So.2d at 313.
[5] Our research indicates that the requirement of an evidentiary hearing is generally presumed in proceedings held under this section of the statute. See ITT Commercial Finance Corp. v. DDD App. Serv. & Sales, Inc., 509 So.2d 341 (Fla. 2d DCA 1987) (evidentiary hearings were held wherein ITT proved grounds supporting issuance of the prejudgment writ); Zuckerman v. Professional Writers of Florida, 398 So.2d at 873 (testimony was presented at hearing on motion to dissolve the prejudgment writ that supported issuance of writ); Lease Fin. Corp. v. National Commuter Airlines, Inc., 462 So.2d 564 (Fla. 3d DCA 1985) (the petitioner "rested on its verified complaint and two affidavits" at the hearing on the motion to dissolve, and the defendant cross-examined the two affiants who were present at the hearing); Landmark First Nat'l Bank v. Beach Bait, 449 So.2d 1287 (Fla. 4th DCA 1983) (trial court conducted an evidentiary hearing on motion to dissolve writ of replevin at which the petitioner proved the grounds for issuance of the prejudgment writ). In fact, in Meireles Truck Sales, Inc. v. Industria Del Autobus, C.A., 555 So.2d 1253 (Fla. 3d DCA 1989), the third district reversed an order denying a motion to dissolve a prejudgment writ of replevin because the trial court failed to permit the defendant to present any testimony at the hearing on the motion to dissolve. Waite Aircraft Corp. v. Ford Motor Credit Co., 430 So.2d 1003 (Fla. 4th DCA 1983), does not conflict with these cases, as the opinion in that case does not indicate whether the court had evidence before it that proved the grounds for the writ.