651 So.2d 1249 (1995)
Joseph KALMAN, Appellant,
v.
WORLD OMNI FINANCIAL CORPORATION, a Florida corporation, Appellee.
No. 94-03072.
District Court of Appeal of Florida, Second District.
March 10, 1995.
*1250 Joseph Kalman, pro se.
Walter M. Dingwall of Law Office of Walter M. Dingwall, Fort Lauderdale, and Ramon L. Anderson, Naples, for appellee.
WHATLEY, Judge.
The appellant, Joseph Kalman, challenges a nonfinal order for prejudgment writ of replevin, allowing the appellee, World Omni Financial Corporation (World Omni), to recover an automobile from Kalman pursuant to his breach of an automobile lease agreement. Kalman argues the trial court erred in ordering the issuance of the prejudgment writ and in denying his subsequent motion to dissolve the writ. We agree and reverse.
On April 1, 1994, Kalman leased a 1994 Toyota Camry from Ed Morse, D/B/A Delray Toyota. Under the terms of the lease agreement, Kalman traded in his current automobile, made a cash down payment, and agreed to begin making lease payments on May 1, 1994. Upon taking delivery of the leased automobile, however, Kalman discovered a defect in the steering column of the vehicle, which he sought to have corrected by Delray Toyota under the new car warranty. When the matter failed to be resolved to Kalman's *1251 satisfaction, a dispute arose. As a result, no payments were ever made as agreed under the terms of the lease.
On July 26, 1994, World Omni, as a purported assignee of the dealer's rights under the lease, filed a complaint in replevin in the trial court, alleging that Kalman had defaulted on his lease payments. World Omni, thus, claimed it was entitled to recover immediate possession of the leased vehicle. On July 29, 1994, the trial court entered an order for prejudgment writ of replevin permitting World Omni, upon the posting of a proper bond, to replevy the subject vehicle.
On August 12, 1994, Kalman filed a timely motion to dissolve the instant writ. After a hearing on September 2, 1994, the trial court denied the motion. Kalman filed this appeal.
Pursuant to section 78.068(1), Florida Statutes (1993), a prejudgment writ of replevin "may be issued ... when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the verified petition or by separate affidavit of the petitioner." See also Gazil, Inc. v. Super Food Services, Inc., 356 So.2d 312 (Fla. 1978). While it is possible that the issuance of a prejudgment writ may have been proper in this instance, we find the propriety of such is not apparent from the face of the record we have been furnished. In fact, we find that numerous questions are raised by the instant record.
First, the complaint in replevin filed by World Omni is unverified. Further, the affidavit of World Omni's collection manager, which was allegedly attached to the complaint, is merely a form-book affidavit stating that the collection manager "has read the foregoing Complaint ... and certifies that the matters and statements set forth therein are true and correct." What is especially perplexing, however, is that the affidavit predates the complaint by approximately one month and is, otherwise, devoid of any language indicating that the affiant was specifically swearing to the allegations of the complaint filed in the instant case.
Second, the complaint alleges that the amount due and owing under the lease agreement is $20,802.32. The lease agreement itself shows a total due of $11,096.28. The trial court's order directs World Omni to post a bond in the amount of $41,604.64, which purportedly represents "twice the value of the goods subject to the Writ or twice the balance remaining due and owing... whichever is lesser." It is apparent that the amount of the bond is twice the amount alleged in the complaint to be due and owing. There is no explanation, however  even considering any penalties that could have been assessed under the contract  for how World Omni arrived at the $20,802.32 amount alleged in the complaint.
Third, the instant complaint was filed by World Omni Financial Corporation, as the dealer's assignee under the lease. The lease agreement, however, shows that "VT INC AS TSTEE WORLD OMNI LT" is the assignee under the contract. Likewise, according to the certificate of title, "VT INC AS TSTEE WORLD OMNI LT" is also the titleholder of the vehicle subject to replevin in this instance. Thus, it appears World Omni Financial Corporation is not the real party in interest in this action. Further, the contract bears only the signatures of Kalman as lessee, Celia Kalman as co-lessee, and Ed Morse, D/B/A Delray Toyota as dealer/lessor. The signature of the assignee appears nowhere on the document, though the assignee is specifically mentioned by name in the body of the contract.
Fourth, the instant complaint references two exhibits, i.e., the lease agreement and the certificate of title. There is nothing contained in the instant record, however, which establishes that those exhibits were actually attached to the complaint. Even if those exhibits had been attached to the complaint, they would have shown that World Omni is not the real party in interest in this cause.
Based on the foregoing, the record fails to show that World Omni properly established its entitlement to the issuance of a prejudgment writ of replevin pursuant to section 78.068(1). Ultimately, however, the dispositive question in this instance is whether Kalman's motion to dissolve the writ should have been granted. See § 78.068(6), Fla. Stat. (1993). See also McMurrain v. *1252 State, 573 So.2d 915, 919 (Fla. 1st DCA 1990), appeal after remand, 584 So.2d 1027 (Fla. 1st DCA), review denied, 592 So.2d 680 (Fla. 1991).
Section 78.068(6) provides,
The defendant, by contradictory motion filed with the court within 10 days after service of the writ, may obtain the dissolution of a prejudgment writ of replevin unless the petitioner proves the grounds upon which the writ was issued. The court shall set down such motion for an immediate hearing.
In the instant case, Kalman properly filed his motion to dissolve within ten days of service of the writ. Though an immediate hearing should have ensued, a hearing was not conducted until twenty-one days after the motion was filed.
At an evidentiary hearing on a motion to dissolve a prejudgment writ of replevin, "the burden is on the petitioner to prove the grounds upon which the writ was issued by competent and substantial evidence." McMurrain v. State, 573 So.2d at 919. Where an affidavit filed with a complaint in replevin is insufficient to satisfy a petitioner's burden of proof, such affidavit is inadmissible as independent evidence of the petitioner's entitlement to replevin unless the affiant testifies at the hearing on the motion to dissolve and is subject to cross examination. Id. at 919-920. The trial court is required to dissolve a prejudgment writ of replevin where the petitioner fails to meet its burden of proof. Id. Dissolution of such a writ is not a final determination of ownership and "has no effect other than to determine the right to possession of the property pending final adjudication of the claims of the parties." Weigh Less For Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88 (Fla. 1st DCA 1981). "[R]eview of an order denying a motion to dissolve a prejudgment writ of replevin should be based not on the record before the court at the time the writ was issued, but on the record at the time the motion to dissolve came on for hearing." Zuckerman v. Professional Writers of Florida, Inc., 398 So.2d 870 (Fla. 4th DCA 1981).
In the instant case, a transcript of the hearing on the motion to dissolve shows that World Omni, once again, failed to demonstrate its entitlement to issuance of a prejudgment writ of replevin. Instead, its attorney merely stated that "there is an insufficient basis pled by the defendant to dissolve the writ." Other than the unsworn testimony of World Omni's counsel as to nonpayment under the lease, absolutely no evidence was presented by World Omni in an effort to satisfy its burden.
As in McMurrain, "the infirmities in the proof existing at th[e] time [the writ was issued] continued to exist when the motion to dissolve came on for hearing." 573 So.2d at 919. We, therefore, conclude that the trial court erred in failing to dissolve the instant prejudgment writ upon Kalman's motion.
Accordingly, this cause is reversed and remanded for proceedings consistent with this opinion.
PARKER, A.C.J., and ALTENBERND, J., concur.