SALCINES, Judge.
Joseph Kalman and Celia Kalman appeal the final judgment entered against them, and in favor of World Omni Financial Corporation and Courtesy Insurance Company, on the Kalmans’ suit for the breach of a prejudgment writ of replevin bond. We affirm.
World Omni was awarded the right to prejudgment replevin of a vehicle in the possession of the Kalmans, but was required to post a prejudgment writ of re-plevin bond which it did through a surety, Courtesy. The trial court’s order specifically provided that the bond would be released if the writ was not executed. The writ was never executed by the sheriff. As a result, the bond was no longer required and the clerk of court was free to release it. Ultimately, in the first appeal involving only the validity of the writ of replevin, this court mandated that the writ be dissolved. See Kalman v. World Omni Fin. Corp., 651 So.2d 1249 (Fla. 2d DCA 1995). Thereafter, the trial court entered an order dissolving the writ of replevin and World Omni’s right of possession to the vehicle.
This second appeal arises from the Kalmans’ attempt to recover damages under the prejudgment writ of replevin bond. The only evidence offered to the trial court was that the vehicle was taken by World Omni, not pursuant to the prejudgment writ of replevin, which had been dissolved some fifteen months earlier, but rather through private process pursuant to World Omni’s contractual rights and the Florida Uniform Commercial Code. See § 679.503, Fla. Stat. (1995).
Generally, the liability of a surety on a bond is determined strictly from the terms and conditions of the bond. See American Home Assurance Co. v. Larkin Gen. Hosp., Ltd., 593 So.2d 195 (Fla.1992). The pertinent prejudgment writ of replev-in bond provided that if the return of the vehicle should be “adjudged,” and the property returned to the Kalmans, the bond would be void. The prejudgment writ of replevin and World Omni’s right of possession was dissolved at a time when the Kalmans continued to be in possession of the vehicle. Thus, the bond stood void and discharged under its own terns and conditions, as well as the terms and conditions of the order granting the prejudgment writ which had required the posting of the bond.
Affirmed.
PATTERSON, A.C.J., and BLUE, J., Concur.