SAWAYA, J.
Lennox Retail, Inc., Service Experts, Inc. and Safari Services, Inc. [the Corporations] appeal a non-final order granting John McMillan and Robert Marcelle’s [the Appellees] motion to dissolve a prejudgment writ of replevin. We have jurisdiction pursuant to rule 9.130(3)(C)(ii), Florida Rules of Appellate Procedure.
In February and June of 1999, the Corporations purchased the existing air-conditioning businesses of Appellee McMillan and Appellee Marcelle, respectively. Subsequent to the sales, the Appellees entered into employment and non-compete agreements with the Corporations. Approximately one year later, the Corporations terminated their employment. Sometime thereafter, the Appellees formed a competing air-conditioning business.
In May 2000, the Appellees brought suit against the Corporations alleging defamation and breach of contract for failure to pay unpaid salary, bonus and severance pay and seeking injunctive relief and a declaratory judgment that the non-compete agreements are unenforceable. The Corporations filed a pleading entitled, “Defendants’ Answer, Affirmative Defenses, *1254 and Counterclaims.” Despite the title, it is undisputed that the pleading failed to assert any counterclaims. Nevertheless, in July 2000, without leave of court, the Corporations submitted a “Verified Counterclaim” and a motion for a prejudgment writ of replevin. Notably, the verification in the counterclaim was neither notarized nor declared to be made under penalties of perjury.
On the same day the Verified Counterclaim was filed, the trial court, at a non-evidentiary, ex-parte hearing, heard the Corporations’ motion for prejudgment writ of replevin. With the Corporations’ attorney sitting in its lobby, the trial court entered an order granting the writ. Armed with the ex-parte writ, approximately six of the Corporations’ employees and a Sheriffs deputy descended upon the Appellees’ new place of business. After spending nearly six hours on the premises, the Corporations’ employees left with more than 30,000 documents.
The Appellees filed a motion to dissolve the writ. An emergency hearing was held in August 2000. At the hearing, the Ap-pellees asserted that the Verified Counterclaim was a legal nullity and that the writ should be dissolved because the counterclaim was not verified or sworn to. The trial court took those issues under advisement and then heard testimony from Dawn Caldwell [Caldwell], the individual who signed the alleged Verified Counterclaim.
The testimony of Caldwell established that she believed that documents were being concealed or otherwise hidden by the Appellees. On cross-examination, however, Caldwell did admit that certain documents, similar to those documents sought by the writ of replevin, had been moved by the Corporations from their office to the ° office occupied by Appellee Marcelle prior to his termination. The documents were moved to Appellee Marcelle’s office while some remodeling was taking place at the Corporations’ office.
Thereafter, the hearing ended for the day. When the hearing resumed the following day, the trial court, without entertaining further testimony on the matter, entered an order dissolving the writ. In entering the order, the trial court concluded that the counterclaim was unverified and filed without leave of court and, therefore, there was no verified petition pending upon which the writ could be issued.
On appeal, the Corporations contend that the trial court erred in dissolving the writ because: (1) the trial court refused to allow the Corporations an opportunity to present additional evidence to support the allegations contained in the alleged Verified Counterclaim; and (2) the facts alleged in their counterclaim, as well as the limited testimony presented at the hearing, provided a sufficient basis for issuance of the writ. Because we conclude that the writ was erroneously granted, we find that the trial court did not abuse its discretion in granting the Appellees’ motion to dissolve. See Allstar Builders Corp., Inc. v. Zimmerman, 699 So.2d 257 (Fla. 3d DCA 1997) (“The trial court did not abuse its discretion in dissolving the writ.”). We, therefore, affirm the order under review.
The provisions contained in section 78.068, Florida Statutes (1999) were enacted “in 1976 apparently to provide an additional creditor’s remedy to the general revision of the law of replevin enacted in 1973 (Chapter 73-20, Laws of Florida, 1973).” Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88, 89 (Fla. 1st DCA 1981). Subsequent to the enactment of section 78.068, the courts became concerned with whether this statute violated the due process rights of those who suffered imposition of the writ by an adverse party who took possession of the *1255 property subject to the writ. This issue was addressed by the court in Gazil, Inc. v. Super Food Services, Inc., 356 So.2d 312 (Fla.1978), which applied the “totality test” enunciated in Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974)[1] to its assessment of whether section 78.068 adequately protected due process. In Mitchell, the United States Supreme Court examined a Louisiana statute which allowed a mortgage or lien holder to obtain a writ of sequestration to forestall waste or alienation of encumbered property on an ex parte application. The Court held that the statute comported with due process because, as a whole, the statute adequately protected the parties’ interests. Id.
In Gazil, the Florida Supreme Court found that section 78.068 contains adequate due process protection because:
(1) the law requires plaintiffs to show facts indicating a right to the property sought to be replevied, and the allegations must be verified;
(2) an application for replevin without notice must be presented to a judge, as opposed to a ministerial court official;
(3) the facts alleged must show the necessity for replevin, which is sufficiently shown if the debtor is in possession of the property and the applicant establishes that there is a possibility of waste, concealment or transfer of the property, or that the debtor is in default on his payments;
(4) the plaintiff must post a bond to protect the debtor from mistaken repossession; and
(5) the debtor must be entitled to an immediate hearing on the issue of possession.
Gazil, 356 So.2d at 313 (footnote omitted). Because all of the protections provided by the statute sufficiently balanced the parties’ interests, the court found the statute to be constitutional pursuant to the dictates of Mitchell. Thus compliance with all of the requirements is necessary to ensure due process to the party adversely affected by issuance of the writ.
Appellees argue that the trial court erred in initially issuing the writ because the Corporations did not comply with section 78.068 by filing a verified petition or separate affidavit that demonstrated the nature of the claim and the grounds relied on for issuance of the writ. Sections 78.068(1) and (2) specifically provide:
(1) A prejudgment writ of replevin may be issued and the property seized delivered forthwith to the petitioners when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the verified petition or by separate affidavit of the petitioner.
(2) This prejudgment writ of replevin may issue if the court finds, pursuant to subsection (1), that the defendant is engaging in, or is about to engage in, conduct that may place the claimed *1256 property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action or that the defendant has failed to make payment as agreed.
(Emphasis added). Pursuant to the clear language of these statutory provisions, a prejudgment writ of replevin may only issue if the trial court finds from specific facts contained in either a verified petition or separate affidavit that the defendant is engaging in, or about to engage in, conduct that will place the property in danger of destruction, removal from the state, or transfer to an innocent purchaser during the pendency of the action. If the trial court cannot make these findings pursuant to the provisions of section 78.068, the writ should not be issued.
Wp agree with Appellees that the record before the trial court was insufficient to support issuance of the prejudgment writ at the time that the trial court issued it. The counterclaim was neither properly filed nor was it properly verified; moreover, pursuant to section 78.068(1), the allegations contained therein could not serve as a basis for issuance of the writ.
As an alternative to filing a verified petition meeting the requirements of section 78.068, the Corporations could support the request for the prejudgment writ by filing a sepurate affidavit complying with the statutory requirements. The record shows, that the Corporations did not file such an affidavit.
Based on the foregoing, the record fails to show that the Corporations established their entitlement to the issuance of a prejudgment writ of replevin pursuant to section 78.068(1). Furthermore, even if the counterclaim was properly verified, the allegations contained therein, as well as the allegations contained in the motion for issuance of the writ, fail to rise to the level required by section 78.068(2). In fact, the only allegation contained in either pleading is that the Appellees are “engaging in, or [ ] about to engage in, conduct that may place the claimed property in danger of destruction, concealment, removal from the jurisdiction of the court or transfer to innocent purchasers during the pendency of this action.” Certainly, a simple recitation of the language contained in the statute does not provide sufficient reason to issue a prejudgment writ of replevin.
We note, moreover, that the tenor of the order entered by the trial judge granting the motion to dissolve the writ suggests frustration at the method utilized by the Corporations to obtain the writ. The order states in pertinent part:
The Court entered the Order For Writ Of Replevin on Friday, July 28, 2000, as a result of the attorney for the Defendants electing to sit in the lobby to obtain the writ. Among the paperwork provided was a counterclaim which was purported to be a “verified” pleading as required by Section 78.068(1), Florida Statutes. In fact, Defendant filed Defendant’s Answer, Affirmative Defenses and Counterclaim on July 6, 2000, docket entry 5. Upon review, that pleading does not contain a counterclaim. The “verified counterclaim” provided to the Court has not been filed and was not a pleading filed in the case when presented to the Court. It was signed on July 28, 2000.... The Rule clearly and unequivocally requires it not be filed without “leave of court”.
[[Image here]]
The practice of bringing pleadings to a judge without notice to the adverse party and sitting in the judges [sic] lobby to apply pressure and insist upon an order being signed should in practice be re *1257 served for emergencies. There was no emergency in this case and as a result of the rush and presentation to the judge of a counterclaim not authorized to be filed, a writ was improvidently granted.
Nonetheless, the Corporations argue, regardless of whether the motion to dissolve the writ should have been granted, the trial court’s decision should not be based on the record before the court at the time the writ was issued, but on the record at the time the motion to dissolve was heard. See Prestige Rent-A-Car, Inc. v. Advantage Car Rental & Sales, Inc., 656 So.2d 541 (Fla. 5th DCA 1995); Zuckerman v. Prof'l Writers of Florida, 398 So.2d 870, 872 (Fla. 4th DCA 1981) (“[Rjeview of an order denying a motion to dissolve an injunction is based not on the record before the chancellor at the time of the temporary injunction, but on the record as it was at the time the motion to dissolve came on for hearing.”).
Prestige Rent-A-Car and Zucker-man are distinguishable from the instant case because the orders reviewed by the courts in those cases were orders denying a motion to dissolve a prejudgment writ. We find this distinction important because these decisions essentially hold that despite technical noncompliance with the requirements of section 78.068(1), the trial court has discretion to excuse them if, at the emergency hearing on the motion to dissolve the writ, the party that obtained the writ is successful in meeting its burden under section 78.068(6) of proving the grounds upon which the writ was initially issued.[2] We simply conclude that just as the trial court has discretion to deny a motion to dissolve a prejudgment writ based on compliance with the requirements of section 78.068(6), it also has discretion to grant the motion based on noncompliance with the provisions of section 78.068(1). See Zuckerman, 398 So.2d at 872 (“Just as the granting of a temporary injunction is a matter within the discretion of the trial court, so is the dissolution of such an injunction.”). To hold otherwise would render the provisions of sections 78.068(1) and (2) virtually meaningless and would resurrect the due process concerns laid to rest by the court in Gazil. This we are not willing to do.
AFFIRMED.
THOMPSON, C.J., and HARRIS, J., concur.

. Although the Court was primarily concerned with judicial participation in the process, which it considered necessary to diminish the possibility of improper sequestration, it identified the aspects of the procedure that operated to protect the parties’ interests and concluded the protection was sufficient. Specifically, the Court noted the following factors as protective of due process: (1) a writ will only be issued upon a judge’s authority and only upon a verified affidavit; (2) the creditor must file a sufficient bond; (3) the debtor may immediately seek dissolution of the writ, placing the burden on the creditor to show grounds for issuance; and (4) the court may order return of the property and assess damages, if the creditor fails to show grounds for issuance. Mitchell, 416 U.S. at 610, 94 S.Ct. 1895.

. At the hearing on the motion to dissolve, the party that obtained the prejudgment writ has the burden of proving the grounds upon which the writ was issued by substantial and competent evidence. Kalman v. World Omni Fin. Corp., 651 So.2d 1249 (Fla. 2d DCA 1995).