LAWRENCE, J.
Doug Sears Consulting (Sears Consulting) seeks review of a nonfinal order denying its Motion to Dissolve Prejudgment Writs of Garnishment entered by the trial court on April 28, 1999. Sears Consulting is a Florida corporation engaged in the business of placing temporary and permanent employees with business entities. Sears Consulting owns fifty percent of the stock of Creative System Solutions, Inc., a company that markets and manufactures recruiting software and data bases, and provides computer consulting.
*669 Appellee, ATS Services, Inc. (ATS), is also engaged in the business of providing businesses with temporary and permanent employees, and also provides payroll financing or funding for other companies engaged in the employee placement business. ATS and Sears Consulting, on June 20, 1997, entered into a Payroll Financing Agreement/Funding Agreement (the Agreement). Under the Agreement, ATS agreed to purchase certain accounts receivable from Sears Consulting, defined as “Acceptable Accounts Receivable,” in order to provide Sears Consulting with financing. In the event, that a customer of Sears Consulting did not pay the amount due on an Acceptable Accounts Receivable in a timely manner, the unpaid amount was deemed a “Bad Debt” and Sears Consulting was required to pay this amount to ATS.
ATS terminated the Agreement in February of 1999, when it began to suspect that Sears Consulting was accumulating “Bad Debt.” ATS, after Sears Consulting failed to pay all amounts owing, filed suit against Sears Consulting and its president, John Sears. Count five of the complaint was a claim that sought foreclosure of the security interest contained in the Agreement.
While this action was pending, ATS, on March 24, 1999, filed and served upon Sears Consulting four Verified Motions for Prejudgment Writs of Garnishment (Verified Motions) pursuant to section 77.031, Florida Statutes (1997). The trial court held a hearing on ATS’s motions on March 31, 1999. Sears Consulting filed the affidavit of John D. Sears in opposition thereto. The trial judge heard argument from counsel, and then determined from the verified pleadings that ATS had made a prima facie case for issuance of the four requested prejudgment writs of garnishment. ATS posted the required bond in double the amount sought and the writs were issued on April 8,1999.
Sears Consulting, on April 7, 1999, filed and served a Motion to Dissolve Prejudgment Writs of Garnishment (Motion to Dissolve) pursuant to section 77.07, Florida Statutes (1997). A hearing on the Motion to Dissolve was held on April 16, 1999, before a successor judge. At this hearing, the trial judge had before him only the verified pleadings which were considered by the judge in the previous hearing, together with the affidavit of Carl Carver[1] No testimony or other evidence was considered on the issue of whether the prejudgment writs should be dissolved. An order was entered on April 28, 1999, denying the motion to dissolve the writs of garnishment.
ATS argued before the trial court that “the requirements for the writs and prejudgment garnishment were satisfied three weeks ago when [prior judge] heard this case, and they’re still satisfied”; and further that “this is essentially a rehash of what we’ve already heard, because there’s no additional evidence that’s been presented from their side.” ATS continues this argument on appeal and concludes that Sears Consulting had every opportunity to argue and present evidence to the trial court before its motion was denied. Sears Consulting argued before the trial court, as it does on appeal, that it was not afforded an evidentiary hearing as required under section 77.07; that the burden of proof was on ATS to prove the statutory grounds for issuance of the writs, and that it failed to do so.
Section 77.07 requires the trial court to dissolve a writ of garnishment “unless the petitioner proves the grounds upon which the writ was issued and unless, in the case of a prejudgment writ, there is a reasonable probability that the final judgment in the underlying action will be rendered in *670 his or her favor.” Under section 77.07, Sears Consulting was entitled to a full evidentiary hearing and the burden was upon ATS to prove the grounds for issuance of the writs at the hearing on Sears Consulting’s Motion to Dissolve the Prejudgment Writs. The fact that ATS had made out a prima facie case with verified pleadings for issuance of the writs at the first hearing was immaterial and did not affect ATS’s burden to prove the grounds for issuance of the writs at the subsequent hearing.
The sole evidence presented at the hearing to dissolve the writs, other than the verified pleadings in the court file, was the affidavit of Carl Carver, and this was woefully insufficient to prove the statutory grounds for issuance of the writs. An affidavit is ordinarily not admissible to prove facts in issue at an evidentiary hearing such as the one required by section 77.07, because it is not subject to cross examination and would improperly shift the burden of proof to the adverse party. McMurrain v. Fason, 573 So.2d 915 (Fla. 1st DCA 1990).
We reject ATS’s argument that it was entitled to prevail because Sears Consulting had every opportunity to present evidence at the hearing and failed to do so. We also disagree with ATS’s position because it is contrary to the clear language of section 77.07 and would improperly shift the burden of proof to Sears Consulting.
We do not dispute that the trial court held an evidentiary hearing to the extent that both parties were afforded a fair opportunity to present evidence on the issue of whether the writs should be dissolved. However, the burden of proof was upon ATS and not Sears Consulting. Because ATS failed to present competent substantial evidence at the evidentiary hearing to prove the grounds for issuance of the prejudgment writs, it was unnecessary for Sears Consulting to present any evidence at all.
Accordingly, we reverse the order of the trial court and remand with instructions to dissolve the prejudgment writs of garnishment at issue.
REVERSED and REMANDED.
BOOTH and DAVIS, JJ., CONCUR.

. The affidavit of Carl Carver (ATS’s chief operating officer) indicated that as of February 9, 1999, ATS had funded customer invoices of Doug Sears Consulting totaling $4,920,240 since the inception of the Agreement, and that Consulting owed $1,500,000 on the principal balance as "Bad Debt.”