910 So.2d 871 (2005)
B.C.S., S.r.l., Appellant,
v.
Mary E. WISE, et al., Appellee.
No. 5D04-3589.
District Court of Appeal of Florida, Fifth District.
August 5, 2005.
Rehearing Denied September 22, 2005.
*872 Dennis M. Campbell and Karen H. Curtis, of Clarke, Silverglate, Campbell, Williams & Montgomery, Miami, for Appellant.
Mercedes R. Wechsler of Mercedes R. Wechsler, P.A., Orlando, for Appellee, Mary E. Wise.
Hinda Klein and Alex Suarez of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Appellee, Dennis Distributors, Inc.
Ricardo J. Cata and Ronald L. Roth of Wilson, Elser, Moskowitz Edelman & Dicker, LLP, Miami, for Appellee, Uflex, S.r.l.
James K. Dawers, of McGee & Powers, P.A., Orlando, for Appellee, Uflex, U.S.A., Inc.
SHARP, W., J.
B.C.S., S.r.l. (BCS), an Italian corporation, appeals from a non-final order in which the lower court determined that Florida had personal jurisdiction over it, after it was sued by Mary E. Wise in a personal injury action. We reverse and remand because we find that the record below was not sufficiently developed for the lower court, or this court, to make a determination on the issue of whether sufficient minimum contacts existed to satisfy due process requirements for personal jurisdiction, as outlined in Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).
Mary Wise (Wise), the plaintiff below, asserted personal jurisdiction over BCS after she was seriously injured in a boating accident, while a passenger in a boat owned and operated by Wayne Taylor (Taylor). Wise's second amended complaint claims that BCS manufactured a hydraulic system installed in the outboard motor of Taylor's boat, and that the system malfunctioned causing Taylor to lose control of the boat. The loss of control resulted in an accident which seriously injured Wise and killed Taylor.
BCS is an Italian corporation engaged in the manufacture of hydraulic systems for boats. It maintains no offices or personnel anywhere in the United States. In 1988, Ultraflex, another Italian corporation, approached BCS about the possibility of BCS partnering with it to create a new line of products. As a result, Ultraflex and BCS entered into an agreement in 1989 to create the new product line and called it Hydraflex.[1] BCS manufactured the Hydraflex products and Ultraflex was solely responsible for the marketing and distribution of the line.
Ultraflex formed two corporations to market and distribute the Hydraflex products: Uflex, and Uflex U.S.A.[2] Hydraflex sold its products to Uflex, and Uflex sold these products to Uflex U.S.A.
In 1994, at the demand of Ultraflex, BCS obtained product liability insurance which covered products sold in the United *873 States, Canada and Mexico, from an Italian insurance company. The insurance policy is written in Italian and has not been translated.
In January of 1997, Taylor went to Dennis Distributors, Inc. (Dennis Distributors), a Florida corporation, to purchase a hydraulic steering system for his boat. Taylor looked through a Uflex USA catalog and selected the Hydraflex steering system. In February of 1997, Dennis Distributors purchased three Hydraflex units from Uflex U.S.A., one of which was the steering system purchased by Taylor and involved in the accident which is the subject of this dispute. The steering system was delivered to Dennis Distributors in March of 1997 and Taylor purchased it from them at that time. The unit came with an English Installation Manual,[3] and Taylor personally installed the product on his boat.
Wise brought suit against all parties believed to be in the chain of distribution, including Uflex, Ultraflex, Hydraflex and BCS. All four defendants raised the issue of personal jurisdiction in motions to dismiss. Hydraflex was dismissed with prejudice by agreement, primarily because it was a "shell" corporation and in 2002 it went into liquidation. Ultraflex was dismissed without prejudice by agreement. Uflex conceded to personal jurisdiction by agreement.
In keeping with the dictates of Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002), in July of 2003, the lower court held a hearing on BCS's motion to dismiss to determine whether Florida had personal jurisdiction over BCS under the long-arm statute. In ruling on a motion to dismiss, Wendt first requires that the trial court determine whether a complaint alleges sufficient facts to bring it within the ambit of section 48.193. See Wendt; Execu-Tech Business Systems, Inc. v. New Oji Paper Co., Ltd., 752 So.2d 582, 584 (Fla.2000); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989).
At the close of the hearing, the lower court ruled that the allegations in Wise's second amended complaint were sufficient to invoke long-arm jurisdiction under section 48.193. Pursuant to Wendt, the court also ordered the parties to proceed to an evidentiary hearing directed to the due process issue of minimum contacts. See Wendt; Execu-Tech; Venetian Salami.
In August of 2004, the evidentiary hearing was held. At that hearing, an affidavit[4] by Anna Gai, one of the principals of the Ultraflex companies, was considered. The lower court's order noted that Florida ranks third for the most vessel registrations in the United States and "therefore, if one intended to sell the B.C.S. product ... it would intend to sell the product in Florida." Further the court relied on the fact that the president of BCS annually attends the Miami Boat Show and while attending, he visits booths of the distributor of BCS's products as well as booths of competitors.
*874 The lower court opined that the "purposeful involvement" discussed in Asahi Metal could include "influencing the marketing company to distribute the product in the forum state." The court found that the involvement in marketing in this case occurred when BCS secured insurance coverage for North America, "in that BCS allowed or directed its product to the United States and Florida by purchasing the insurance." The court reasoned that had BCS not purchased the insurance policy, the relationship between it and Ultraflex would have been terminated and no product would have been sold for use in Florida.
We find that the order and record are insufficient for the lower court to have determined that minimum contacts existed between BCS and Florida. Further, it was error to permit the affidavit of Anna Gai, a principal of the Ultraflex companies, to be introduced. Affidavits are not admissible to prove facts in issue at an evidentiary hearing because they are not subject to cross-examination, and they shift the burden to the other party. Doug Sears Consulting, Inc. v. ATS Servs., Inc., 752 So.2d 668, 670 (Fla. 1st DCA 2000). Without the opportunity to cross-examine Ms. Gai, the affidavit was insufficient to satisfy Venetian Salami. McMurrain v. Fason, 573 So.2d 915, 919-920 (Fla. 1st DCA 1990). Additionally, any evidence regarding the insurance policy, should have been excluded. The policy was written in Italian and should have been translated into English pursuant to section 90.606(3).[5]
We therefore remand to the lower court for an evidentiary hearing so that further evidence may be adduced on the issue of minimum contacts, pursuant to Asahi Metals. See also Christus St. Joseph's Health Systems v. Witt Biomedical Corporation, 805 So.2d 1050 (Fla. 5th DCA 2002).
REVERSED AND REMANDED.
SAWAYA, J., concurs.
GRIFFIN, J., concurring in part, dissenting in part with opinion.
GRIFFIN, J., concurring in part; dissenting in part.
I would reverse without remanding for a second hearing. The plaintiff failed in its proof at the first hearing, and that should be the end of it. Unless new facts unknown at the first hearing are adduced, the requisite "minimum contacts" with the Florida forum cannot be shown.
NOTES
[1] The Hydraflex name was registered as a trade name in Italy, and the name was owned by Hydraflex, the company. Hydraflex, the company, is a limited purpose entity which is owned equally by BCS and Ultraflex. Hydraflex has no offices or personnel within the United States and it is only authorized to do business in Italy.
[2] Uflex, U.S.A. was based in Seattle, Washington.
[3] Cecchi, one of the principals of BCS, testified in his deposition that BCS had nothing to do with the English instructions, as that had been within the province of Uflex's responsibilities. On the other hand, Pietro Gai, one of the principals in the Ultraflex companies, testified that BCS had translated the instructions.
[4] The affidavit, given and notarized in Italy, stated that none of the Ultraflex companies had maintained an office or business site in Florida; owned or leased any real property in Florida; stationed officers or employees in Florida; maintained records in Florida; sought or obtained financing or incurred obligations in Florida; paid state taxes in Florida; or obtained state licenses or permits in Florida.
[5] Subsection (3) provides:

(3) An interpreter shall take an oath that he or she will make a true interpretation of the questions asked and the answers given and that the interpreter will make a true translation into English of any writing which he or she is required by his or her duties to decipher or translate. (emphasis added)