989 So.2d 702 (2008)
B.C.S., S.r.L., Appellant,
v.
Mary E. WISE, et al., Appellees.
No. 5D07-2719.
District Court of Appeal of Florida, Fifth District.
August 22, 2008.
*703 Dennis M. Campbell and Karen H. Curtis of Clarke, Silverglate, & Campbell, P.A., Miami, for Appellant.
Mercedes R. Wechsler of Mercedes R. Wechsler, P.A., Orlando, for Appellee Mary Wise.
James K. Powers of McGee & Powers, P.A., Orlando, for Appellee Uflex U.S.A., Inc.
Ricardo J. Cata and Russell M. Pfeifer of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP., Miami, for Appellee Uflex S.R.L.
EVANDER, J.
B.C.S., S.r.l. (BCS) appeals from an order denying its motion to dismiss for lack of personal jurisdiction. We find that the plaintiff failed to establish that BCS had sufficient "minimum contacts" with Florida to satisfy due process requirements. Accordingly, we reverse.
The facts of this case were set forth in an earlier opinion of this court.
Mary Wise (Wise), the plaintiff below, asserted personal jurisdiction over BCS after she was seriously injured in a boating accident, while a passenger in a boat owned and operated by Wayne Taylor (Taylor). Wise's second amended complaint claims that BCS manufactured a hydraulic system installed in the outboard motor of Taylor's boat, and that the system malfunctioned causing Taylor to lose control of the boat. The loss of control resulted in an accident which seriously injured Wise and killed Taylor.
BCS is an Italian corporation engaged in the manufacture of hydraulic systems for boats. It maintains no offices or personnel anywhere in the United States. In 1988, Ultraflex, another Italian corporation, approached BCS about the possibility of BCS partnering with it to create a new line of products. As a result, Ultraflex and BCS entered into an agreement in 1989 to create the new product line and called it Hydraflex.1 BCS manufactured the Hydraflex products and Ultraflex was solely responsible for the marketing and distribution of the line.
1. The Hydraflex name was registered as a trade name in Italy, and the name was owned by Hydraflex, the company. Hydraflex, the company, is a limited purpose entity which is owned equally by BCS and Ultraflex. Hydraflex has no offices or personnel within the United States and it is only authorized to do business in Italy.
Ultraflex formed two corporations to market and distribute the Hydraflex products: Uflex, and Uflex U.S.A.2 Hydraflex sold its products to Uflex, and Uflex sold these products to Uflex U.S.A....
2. Uflex, U.S.A. was based in Seattle, Washington.
In January of 1997, Taylor went to Dennis Distributors, Inc. (Dennis Distributors), a Florida corporation, to purchase a hydraulic steering system for his boat. Taylor looked through a Uflex *704 USA catalog and selected the Hydraflex steering system. In February of 1997, Dennis Distributors purchased three Hydraflex units from Uflex U.S.A., one of which was the steering system purchased by Taylor and involved in the accident which is the subject of this dispute. The steering system was delivered to Dennis Distributors in March of 1997 and Taylor purchased it from them at that time. The unit came with an English Installation Manual, and Taylor personally installed the product on his boat.
B.C.S., S.r.l. v. Wise, 910 So.2d 871, 872-73 (Fla. 5th DCA 2005). There was no evidence that there were any Hydraflex systems sold in Florida other than the three units purchased by Dennis Distributors.
In our prior opinion, this court reversed the trial court's order determining that Florida had personal jurisdiction over BCS. We found that the record was insufficient for the lower court to have determined that minimum contacts existed between BCS and Florida. Id. at 874. Because of certain erroneous evidentiary rulings, we remanded for a new hearing. On remand, the trial court found three "new" facts, which had not been presented at the prior hearing:
1. BCS had hired an English-speaking employee to interact with Uflex U.S.A. and customers in the United States.
2. B.C.S. products met the American Boat and Yacht Council standards.
3. Between 1995 and 1997, BCS had sold $955 of spare parts to a Florida marina to repair a boat manufactured in Italy but being repaired in Miami.
These new factual findings do not change our prior conclusion that BCS does not have sufficient minimum contacts with Florida to satisfy due process requirements for personal jurisdiction. While the first two findings suggest that BCS was increasing its activities in the United States, they do not support a finding that BCS had purposefully availed itself of the privilege of conducting activities in Florida. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (where forum state seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, due process requirements are satisfied if defendant has purposefully directed its activities at residents of that forum); see also Romic Envtl. Technologies, Inc. v. Presvac Systems (Burlington), Ltd., NO. CV-06-1355-PHX-DGC, 2007 WL 563977 (D.Ariz. Feb. 20, 2007) (fact that products met United States specification was not evidence that they were purposefully designed for the forum state and fact that products were capable of use in forum state was too attenuated a contact to justify exercise of personal jurisdiction).
As to the third finding, we agree with BCS that the sale of these spare parts (which were unrelated to the Hydraflex hydraulic system) constituted an isolated and fortuitous encounter with Florida, which did not constitute "purposeful availment" of Florida's benefits and protections. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (isolated and fortuitous occurrence insufficient to establish minimum contacts).
REVERSED.
PALMER, C.J. and LAWSON, J., concur.