SHEPHERD, C.J.
Merriman Investments, LLC, appeals from an order dissolving a writ of garnishment. We reverse.
Therese Ujowundu, along with her nephew, Patrick Ujowundu, obtained a loan from Bank of America to finance the purchase of an automobile. They subsequently defaulted on the loan, and the automobile was repossessed and sold, leaving a deficiency balance due. The bank obtained a judgment for $25,799.80 plus post-judgment interest against the Ujo-wundus. Thereafter, the debt was assigned to Merriman. In an attempt to collect on the judgment, Merriman served a writ of garnishment on Ms. Ujowundu’s employer, Baptist Hospital. Baptist answered, acknowledging Ms. Ujowundu’s employment and her bi-weekly salary of $819.28.
Ms. Ujowundu moved to dissolve the writ on the ground the wages she earns at Baptist do not belong to her. Ms. Ujo-wundu alleged she is a member of the Religious Order of The Daughters of Mary Mother of Mercy (the Order), and the services she performs at the hospital are performed as an agent of the Order. In an affidavit attached to the motion, Ms. Ujowundu declared that, pursuant to her vow of poverty, she has renounced all earnings, and she pays her wages directly to the Order. Based solely on Ms. Ujo-wundu’s affirmations, the trial court dissolved the garnishment writ. In so doing, we conclude the trial court erred.
*1193 We review this issue de novo because we are interpreting Florida’s statutory garnishment law. Arnold, Matheny and Eagan, P.A. v. First Am. Holdings, Inc., 982 So.2d 628, 682 (Fla.2008). Florida law recognizes creditors are entitled to garnish a debtor’s wages to recover unpaid judgments. See § 77.01, Fla. Stat. (2011) (“Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment ... to subject any debt due to defendant by a third person .... ”); § 77.0305, Fla. Stat. (2011) (“[I]f salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor’s employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order.”).
Once issued, the trial court may consider a request to dissolve the writ under certain circumstances. Depending on the circumstance, the request to dissolve may be made in either of two ways: (1) on motion of the debtor challenging the truth of the allegations in the creditor’s petition for the writ, see § 77.07, Fla. Stat. (2001); or (2) on an affidavit of a third party claiming the garnished property belongs to the third party and not the debt- or. See § 77.16, Fla. Stat. (2001). Either method requires a trial of the issues. §§ 77.07, 77.16. In this case, Ms. Ujowun-du moved to dissolve the garnishment on behalf of the Order, without the latter filing an affidavit or in any other way intervening to assert its interest in Ms. Ujowundu’s wages. Ms. Ujowundu lacks standing to assert the Order’s claim to the garnished wages. See Alterra Healthcare Corp. v. Estate of Shelley, 827 So.2d 936, 941 (Fla.2002) (citing Powers v. Ohio, 499 U.S. 400, 410, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991)) (“[A] litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.”). Accordingly, the writ of garnishment could not be dissolved under section 77.16.
Next, we consider Ms. Ujowundu’s section 77.07 challenge to the veracity of the allegations in the petition for garnishment, namely, that the wages paid by Baptist are her property. On a motion to dissolve, the petitioner must prove the grounds upon which the writ was issued, including the debtor’s ownership of the garnished property. See § 77.07(1); Doug Sears Consulting, Inc. v. ATS Servs., Inc., 752 So.2d 668, 669 (Fla. 1st DCA 2000). Thus, Merriman had the initial burden of proving the wages paid to Ms. Ujowundu belonged to her. Merriman met this burden through Baptist’s answer, which acknowledged paying Ms. Ujowundu directly as its employee and made no mention of any agreement with the Order to employ appellee. Ms. Ujowundu then interposed, via her own affidavit, an agency-principal relationship between herself and the Order in an attempt to disprove her control over the wages she receives from Baptist.
Generally, the existence of an agency relationship is decided by the trier of facts. Villazon v. Prudential Health Care Plan, Inc., 843 So.2d 842, 853 (Fla.2003). The burden of proving the relationship is on the party who asserts it. Regions Bank v. Maroone Chevrolet, L.L.C., 118 So.3d 251, 255 (Fla. 3d DCA 2013). To establish an agency-principal relationship, a party must show: “(1) acknowledgement by principal that agent will act for him, (2) the agent’s acceptance of undertaking, and (3) control by the principal over actions of the agent.” Goldschmidt v. Holman, 571 So.2d 422, 424 n. 5 (Fla.1990).
*1194 In cases involving an agent’s wages, federal taxation cases provide some guidance. There, it is generally accepted “that where an agent earns income on behalf of the principal within the scope of the agency and remits the income to the principal according to the agency relationship, the income is the principal’s and not the agent’s.” Fogarty v. U.S., 780 F.2d 1005, 1008 (Fed.Cir.1986). If a member of a religious order earns income as an agent of and on behalf of the order, and gives that money to the order pursuant to his vow of poverty, that sum becomes income to the order and the individual is not taxed on it. Conversely, if a member of a religious order earns income in his individual capacity and gives the money to the order pursuant to his vow of poverty, that sum is income to him and is subject to federal income tax. See, e.g., Page v. Comm’r, 823 F.2d 1263 (8th Cir.1987); Fogarty, 780 F.2d at 1005. Because of the potential for fraud, the courts require proof of an actual agency. See Mone v. Comm’r, 774 F.2d 570, 573 (2d Cir.1985) (“To prove assignment of income on an agency theory ... [taxpayers] must show that a contractual relationship existed between their secular employers and their religious order, and that the religious order controlled or restricted the taxpayers’ use of the money purportedly turned over to the order.”).
In this case, there is no evidence of the Order’s acknowledgement that Ms. Ujo-wundu acted as its agent or that it controlled the actions of Ms. Ujowundu. Additionally, there was no evidence of a contractual agreement between Baptist Hospital and the Order regarding Ms. Ujowundu’s employment. Therefore, because Ms. Ujowundu failed to prove an agency relationship exists, the trial court erred in dissolving the writ of garnishment.
Accordingly, we reverse the order dissolving the writ of garnishment, and remand for further proceedings.
Reversed.